**Thomas E. JACKSON, III, Plaintiff,**

v.

**Gary E. BROOKE, et al., Defendants.**

**Civ. A. No. 85–C–2514.**

United States District Court,
D. Colorado.

Jan. 27, 1986.

Gene M. Hoffman, David E. Boyd, Denver, Colo., for plaintiff.

Theodore S. Halaby, Robert M. Liechty, Halaby & McCrea, Denver, Colo., for defendants City and County of Denver and Arthur Dill.

Leonard Chesler, Denver, Colo., for defendant Gary E. Brooke.

Robert Dill, Denver, Colo., for defendants Greg Cook and Dallas Lane.

## ORDER

CARRIGAN, District Judge.

Plaintiff filed this action in state court on June 8, 1984. The complaint asserted seven claims for relief, all of which appeared to be grounded in state tort law. No federal statute was pleaded, and no basis for federal jurisdiction could be gleaned from the complaint.

On May 28, 1985, the defendant City and County of Denver moved for summary judgment on the ground that all of the plaintiff's claims against it were barred by the Colorado Governmental Immunity Act, Colo.Rev.Stat. §§ 24–10–101, *et seq.* (1973). On or about June 28, 1985, the plaintiff filed a response to the summary judgment motion stating as one argument in support of his position that the complaint adequately pleaded a claim for relief under 42 U.S.C § 1983 (1982). On October 28, 1985, the state district court judge denied the motion for summary judgment, in part on the ground that the complaint set forth cognizable § 1983 claims.

Defendants removed the case to this court on November 21, 1985. In their verified petition for removal, the defendants stated that, "since it is now the law of the case that there is a "cognizable" § 1983 claim ... and in effect no amendment is required as of October 28, 1985, Defendants have understood for the first time the suit to be brought under § 1983." On December 18, 1985, the plaintiff moved to remand this case to the state court on the ground, *inter alia*, that the petition for removal was untimely. Defendants oppose the motion to remand. The parties have briefed the issues, and oral argument would not assist in resolving them.

The procedure for removal of civil actions is governed by 28 U.S.C. § 1446 (1982), which states as follows:

"(b) The petition for removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . .

If the case stated by the initial pleading is not removable, a petition for removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable."

 As stated before, the initial complaint in this case made no mention of any federal statute. While it may have pleaded the allegations necessary to state a claim for relief under 42 U.S.C. § 1983 (1982), it did not purport to rely on this statute. The action appeared, from its initial filing, to be a state tort action. Therefore, the case was not removable in its original form.

The issue is whether the petition for removal was filed "within thirty days after receipt by the defendant . . . of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable."

Defendant argues that this case did not become removable until the state trial judge issued his order stating that the complaint set forth claims cognizable under § 1983. Plaintiff argues that the defendant was first apprised that he was pursuing a § 1983 claim by his reponse to the motion for summary judgment, which was filed on June 28, and that the thirty-day period began to run on that date.

Neither party has cited any cases to support its position on this issue, and my research has failed to uncover any case in which this precise factual situation has occurred. However, the statute itself provides sufficient guidance for resolution of the issue. The statute declares that the petition must be filed within thirty days after receipt by the defendant of a plead-

ing, motion, order, *"or other paper* from which it may *first be ascertained* that the case is one which is or has become removable." (Emphasis added.) The date of receipt of that paper was the date on which the defendants received the plaintiff's response to the motion for summary judgment. At that time, the defendants were apprised that the plaintiff was pursuing a claim under § 1983. The fact that the court had not yet ruled that the § 1983 claim could survive a motion to dismiss is irrelevant. Defendant was then put on notice that the plaintiff intended to pursue a federal claim, and could have then ascertained that the case was removable. Therefore, the defendant's petition for removal, filed over four months after their receipt of the plaintiff's response to the summary judgment motion, was untimely.

Accordingly, it is ordered that this case is remanded to the District Court in and for the City and County of Denver.