**Gloria W. WALKER,**
**Plaintiff–Appellant,**

v.

**SOUTH CENTRAL BELL TELEPHONE COMPANY, Defendant–Appellee.**

**No. 89–4753**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

June 28, 1990.

---

Anthony J. Bruscato, Bruscato, Loomis & Street, Monroe, La., for plaintiff-appellee.

Keith M. Pyburn, Jr., McCalla, Thompson, Pyburn & Ridley, New Orleans, La., Wood T. Sparks, Thompson, Sparks & Dean, Monroe, La., for defendant-appellee.

Before GEE, WILLIAMS and DUHÉ, Circuit Judges.

PER CURIAM:

Gloria Walker sued South Central Bell Telephone Company (SCB) under 42 U.S.C. § 1981 and for intentional infliction of emotional distress under state law. Walker alleges that she worked ten years for SCB and claims that she was wrongfully discharged when it was discovered that she lied on her application form concerning her prior criminal record. Walker is black and alleges that white employees who lied about their criminal records were not fired.

■ The district court dismissed her complaint under Fed.R.Civ.P. 12(b)(6). A dismissal under 12(b)(6) presents a purely legal issue which is reviewed de novo. *Leidholdt v. L.F.P. Inc.*, 860 F.2d 890, 893 (9th Cir.1988), *cert. denied*, — U.S. —, 109 S.Ct. 1532, 103 L.Ed.2d 837 (1989). We affirm the district court's dismissal of the appellant's 42 U.S.C. § 1981 claim but reverse the dismissal of her state law claim for intentional infliction of emotional distress.[1]

*42 U.S.C. § 1981*

In *Investors Syndicate v. City of Indian Rocks Beach, Fla.*, 434 F.2d 871, 876 (5th Cir.1970) we stated:

The basic legal tenets governing appellate review of a trial court's ... dismissal on the pleadings may be characterized as truisms, yet they are so critical that they warrant repetition until they become rote. The Motion to Dismiss under Fed.R.Civ.P. 12(b)(6) admits all well-pleaded facts in the complaint which it challenges.... However, consistent with today's practice favoring disposition on the merits, a court must go much further than merely accepting the facts of the complaint. In the case of *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) the Supreme Court restated this emphatic requirement: 'in appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' 355 U.S. at 45–46, 78 S.Ct. at 101–02.

■ The appellant claims that she was fired for lying on her employment application regarding her criminal record whereas mendacious white workers with criminal records were not fired. Assuming, as we must, that this claim is true, it fails to state a cause of action under 42 U.S.C. § 1981. In *Patterson v. McLean Credit Union*, — U.S. —, 109 S.Ct. 2363, 2372, 105 L.Ed.2d 132 (1989) the Court held that § 1981 only prohibits discrimination in the making and enforcement of contracts. "Problems that may arise later from the conditions of continuing employment" are not actionable under § 1981. *Id.*, 109 S.Ct. at 2372. Since

---

1. The appellee makes the novel and frivolous argument that we should not address the merits of this case because the appellant waived her right to appeal. They note that the appellant never responded to the motion to dismiss brought pursuant to Fed.R.Civ.P. 12(b)(6) in the court below. Since as a general rule a court of appeals will not consider an argument not made below and since the appellant made no argu-

ments below, then the appellant can make no argument on appeal. The arguments we are considering, however, were those made by the district court in dismissing the complaint. The appellant may not, of course, raise an issue which was not considered by the court below but there is no rule which forbids her from urging that the grounds given by the district court for dismissing her complaint are wrong.

the instant dispute arose after the contract was made, § 1981 does afford the appellant a remedy.

### Intentional Infliction of Emotional Distress

A pleading may fail to state a claim upon which relief may be granted for one of two reasons. First, the law simply may not afford relief on the basis of the facts alleged in the complaint. Walker's allegations of post-employment discrimination, for example, do not constitute a cognizable claim under 42 U.S.C. § 1981. Second, regardless of whether the plaintiff is entitled to relief, the pleadings may be so badly framed that the plaintiff is not entitled to a trial on the merits. It is this second ground on which the court below dismissed the plaintiff's claim of intentional infliction of emotional distress.

Fed.R.Civ.P. 8(a) provides the standard by which the adequacy of the pleadings is tested. 5 Wright and Miller, *Federal Practice and Procedure* § 1356 (1969). Rule 8 requires a "short and plain statement of the claim showing that the pleader is entitled to relief." A complaint may be inadequate in one of two fashions. First, the pleadings must provide notice of the circumstances which give rise to the claim. *Conley*, 355 U.S. at 47–48, 78 S.Ct. at 102–03 and 5 *Federal Practice and Procedure* § 1202. Second, the "pleader must set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that these elements exist." 5 *Federal Practice and Procedure* § 1216. *See In re Plywood Antitrust Litigation*, 655 F.2d 627, 641 (5th Cir. Unit A 1981), *cert. granted*, 456 U.S. 971, 102 S.Ct. 2232, 72 L.Ed.2d 844 (1982), *cert. dismissed*, 462 U.S. 1125, 103 S.Ct. 3100, 77 L.Ed.2d 1358 (1983) and *Arthur H. Richland Co. v. Harper*, 302 F.2d 324, 325 (5th Cir.1962).

■ It is clear that the appellant provided notice of her claim. Count 16 of the complaint "asserts a ... claim for intentional infliction of emotional injury." If the complaint had alleged nothing further, it would have failed to provide notice. A complaint which contains a bare bones allegation that a wrong occurred and which

does not plead any of the facts giving rise to the injury, does not provide adequate notice. *See, e.g., Duncan v. AT & T Communications, Inc.*, 668 F.Supp. 232 (S.D.N.Y.1987). The rest of the complaint gives further details, however, and provides notice that this alleged wrong occurred when the appellant was fired.

The court below concluded that the complaint was inadequate because it did not contain all the elements of the claim. The court stated "Recovery for intentional infliction of mental distress is generally limited to instances of outrageous conduct. ... Thus, the plaintiff's complaint must allege enough facts to show that ... [the defendant's] conduct was done in such a manner which was outrageous.... Outrageous conduct has been defined as 'Conduct which ... [goes] beyond all possible bounds of decency, and [is] regarded as atrocious, and utterly intolerable in a civilized community." R. at 57 (quoting *Muslow v. A.G. Edwards & Sons, Inc.*, 509 So.2d 1012, 1020 (La.Ct.App.1978), *cert. denied*, 512 So.2d 1183 (La.1987)). The court dismissed the complaint because the appellant failed to plead any facts which were relevant to an element of the tort—i.e. outrageous conduct.

■ The court below applied the wrong standard in dismissing this claim. A complaint need not outline all the elements of a claim. It must be possible, however, for an inference to be drawn that these elements exist. In reading the complaint we must be mindful that pleadings must "be construed [so] as to do substantial justice." Fed.R.Civ.P. 8(f). The "Federal rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley*, 355 U.S. at 48, 78 S.Ct. at 103. Given this standard of construction, an inference that the appellee's conduct was outrageous may be drawn from the complaint. The appellant's inartful pleadings do not contain an explicit statement to that effect but it "does not appear beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* at 45–46, 78 S.Ct.

278

at 101–02. We cannot say that the circumstances surrounding the firing of an individual will never give rise to a claim for intentional infliction of emotional distress.

The flaw in the logic of the court below is that it considered the requirement that a pleading must outline the elements of the claim or that it permit an inference to be drawn that these elements exist to be completely distinct from the requirement that a pleading must give notice. These requirements, however, overlap to a considerable degree. Generally speaking if the pleadings provide adequate notice, then an inference may be drawn that all the elements of a cause of action exist. We reiterate: A court "must go much further than merely accept ... the facts of the complaint" and not dismiss " 'unless it appears beyond doubt that the plaintiff can prove no set of facts ... which would entitle him to relief.' " *Investors Syndicate*, 434 F.2d at 876 (quoting *Conley*, 355 U.S. at 45–46, 78 S.Ct. at 101–02).

History and policy buttress our conclusion that notice is the touchstone by which a motion to dismiss under Fed.R.Civ.P. 12(b)(6) must be adjudicated. Prior to the enactment of the Federal Rules of Civil Procedure the "complaint not only gave notice of the nature of the plaintiff's case but also was required to state the facts constituting the cause of action." 5 *Federal Practice and Procedure* § 1202. The federal rules have dropped the requirement that the pleadings state the facts constituting the cause of action and insist merely on notice because there are other rules which may be used to winnow out factually groundless claims. 5 *Federal Practice and Procedure* §§ 1202, 1216. On remand, the appellee is, of course, free to make use of these other mechanisms to test whether the appellant's claim should go to trial.

### Conclusion

The judgment of the district court is AFFIRMED in part, REVERSED in part and REMANDED.