Most Reverend Donald W. WUERL, Bishop of the Roman Catholic Diocese of Pittsburgh, Successor Trustee for the Roman Catholic Congregation of Saints Peter and Paul Church, Plaintiff,

v.

INTERNATIONAL LIFE SCIENCE CHURCH, a Cayman Islands British West Indies Company, Harold W. Brobeck, James D. Gibson and Joan Gibson, Husband and Wife, Their Son, David A. Gibson, the World Life and Casualty Co., a Cayman Islands, British West Indies Company, and Their Respective Heirs, Successors and Assigns, Defendants.

Civ. A. No. 89–1322.

United States District Court,
W.D. Pennsylvania.

March 4, 1991.

Diana L. Reed, Pittsburgh, Pa., for plaintiff.

Edward M. Dobson, Bozeman, Mont., for defendants.

### MEMORANDUM OPINION

LEE, District Judge.

This case has been reassigned to this member of the Court for disposition.

The matter presently before the Court is the plaintiff's Motion to remand to the Court of Common Pleas of Beaver County, Pennsylvania, pursuant to 28 U.S.Code, § 1447(c) an action to quiet title brought by

the plaintiff against four individual defendants and two apparent corporate defendants organized in the Cayman Islands, British West Indies.

The subject property is situate at 361 East End Avenue, Borough of Beaver, County of Beaver, Pennsylvania, and was purchased by the plaintiff from the United States of America which had seized the premises for nonpayment of Internal Revenue taxes due from the defendant, Harold W. Brobeck (Brobeck). The plaintiff and the individual defendants are all residents of the Commonwealth of Pennsylvania.

Brobeck filed a Petition to remove the action to the United States District Court on the basis that it is related to pending Civil Action No. 87–2017 and "is a federal question because title in the plaintiffs (sic) rests upon the validity of a seizure and sale of the real estate by the Internal Revenue Service (IRS)."

The other defendants did not join in the removal petition of Brobeck.

Civil Action No. 87–2017 was brought by the United States of America against Brobeck to reduce to judgment certain federal income tax liabilities assessed against Brobeck in an amount of $724,177.02 plus interest.

In that action, Brobeck filed a counterclaim challenging the underlying assessments on which the seizure of the subject property was based and seeks compensatory and punitive damages for the wrongful levy and seizure of his property.

The plaintiff does not name the Internal Revenue Service as a party, raises no issue as to the authority or right of the Internal Revenue Service to have conveyed the subject property to the plaintiff, nor is there involved any encumbrance or lien of the Internal Revenue Service against the property.

The plaintiff's Motion to remand will be granted for the reasons hereinafter set forth.[1]

1. All of the defendants did not join in the removal petition. Ordinarily, all defendants must join in the removal notice and if any one of

them refuses, the action cannot be removed except where removal is on the basis of a separate independent claim pursuant to 28 U.S.C.

Brobeck has not met his burden of establishing grounds for federal jurisdiction in this case, which jurisdiction must be determined by applying the "well pleaded Complaint rule."

■ The plaintiff's Motion for remand effectively forces defendant—the party who invoked the Federal Court's removal jurisdiction—to prove whatever is necessary to support the Petition, *e.g.,* the existence of diversity, the amount in controversy or the federal nature of the claim. *Salveson v. Western States Bankcard Association* (N.D.Cal.1981), 525 F.Supp. 566, *B., Inc. v. Miller Brewing Company* (5th Cir.1981), 663 F.2d 545.

■ The removal statutes are construed restrictively, so as to limit removal jurisdiction. Doubts as to removability are resolved in favor of remanding the case to the state court. *Shamrock Oil and Gas Corporation v. Sheets* (1941), 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214; *Hedges v. Legal Services Corporation* (N.D.Cal. 1987), 663 F.Supp. 300.

The reason for strict construction is to prevent waste of judicial resources, *i.e.,* if it turns out that there is no "federal question" or "diversity," the Federal Court's judgment would have to be set aside on appeal. Jurisdictional concerns can be avoided by remanding to state courts which have general jurisdiction. *Wenger v. Western Reserve Life Assurance Company of Ohio* (M.D.Tenn.1983), 570 F.Supp. 8.

■ Whether the claim arises under "federal law" for removal purposes is determined by the applying "well pleaded complaint rule" which determines original federal jurisdiction.

Federal Courts have jurisdiction to hear, originally or by removal, only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law. *Franchise Tax Board v. Construction Laborers Vacation Trust* (1983), 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420.

■ It is not enough for removal purposes that a federal question may arise during the course of the litigation in connection with some defense or counterclaim: "For better or worse ... a defendant may not remove a case to Federal Court unless the plaintiff's complaint establishes that the case arises under federal law." *Franchise Tax Board v. Construction Laborers Vacation Trust, id.* at 10, 103 S.Ct. at 2847.

■ However, if federal law completely pre-empts the entire subject matter, and supplants any state law claim with a federal claim, that federal claim may then be removed even though the Complaint alleges only a purported state claim. No matter how pleaded in the Complaint, the only viable claim in such cases is the one created under federal law.´

■ Moreover, removal cannot be based simply on the fact that federal law may be referred to in some context in the case. If the claim does not "arise under" federal law, it is not removable on federal question grounds. Incidental federal issues are not enough. *Merrell Dow Pharmaceuticals, Inc. v. Thompson* (1986), 478 U.S. 804, 106 S.Ct. 3229, 92 L.Ed.2d 650.

■ The "well-pleaded complaint rule" makes the plaintiff the master of the claim for purposes of removal jurisdiction. This means that "absent diversity, a case is removable only where a federal question is presented on the face of the plaintiff's complaint." The party who brings the suit is master to decide what law he will rely upon. *Caterpillar, Inc., v. Williams* (1987), 482 U.S. 386, 107 S.Ct. 2425, 96 L.Ed.2d 318. Therefore, where plaintiff could maintain claims under both federal and state law, plaintiff can prevent removal by ignoring the federal claim and alleging only state law claims. *Hunter v. United Van Lines* (9th Cir.1984), 746 F.2d 635. It is true that the rule that the plaintiff is the master of the claim is subject to the limitation that the plaintiff cannot defeat removal of federal claim by disguising or "artfully pleading" it as a state claim. If the only

---

§ 1441(c). Disposition of the plaintiff's motion does not require the Court to reach this issue.

claim involved is one arising under federal law, the Federal Court will "recharacterize" it accordingly, in order to uphold removal. *Federated Department Stores, Inc., v. Moitie* (1981), 452 U.S. 394, Fn. 2, 101 S.Ct. 2424, 69 L.Ed.2d 103.

■ However, the artful pleading limitation refers to situations where plaintiff's only claim is a federal one. It does not apply where plaintiff has a viable state law claim as well as a federal claim and simply chooses to sue on the state claim. Such a case is not removable on federal question grounds. *Sullivan v. First Affiliated Sec., Inc.* (9th Cir.1987), 813 F.2d 1368.

As a practical matter, the artful pleading doctrine applies primarily in areas completely pre-empted by federal law.

■ A review of the plaintiff's Complaint discloses that this is not an action brought under federal law or statute. As indicated, the Internal Revenue Service is not a party, nor is any issue raised regarding any federal statute.

The plaintiff merely pleads that the subject property was purchased from the Internal Revenue Service which originally seized the property and then acquired title after a scheduled tax sale did not produce the minimum bid.

Therefore, an appropriate Order will be entered remanding this action to the Court of Common Pleas because it is clear that there is no original jurisdiction over the quiet title action in the Federal Court. The plaintiff's claim, therefore, does not arise under federal law and removal is improper.

In his brief in opposition to the plaintiff's Motion to remand to the Court of Common Pleas of Beaver County, Brobeck states in pertinent part:

"However, if this Court finds that Civil Action No. 89–1322 was improperly removed, defendant Brobeck prays this Court to allow 20 days for defendant Brobeck to amend his Answer and Counterclaim in related Civil Action No. 87–2017 so as to join this plaintiff as a defendant on counterclaim in Civil Action No. 87–2017."

Brobeck's request in this regard will be dismissed without prejudice because it is not appropriately raised in this action.

■ However, since the title to the subject property was obtained by the United States of America through a levy based on nonpayment of Internal Revenue taxes due from Brobeck, it would appear that Brobeck is not now in a position to challenge the propriety of the title in the plaintiff on the basis that the original levy was improper.

Under the provisions of 26 U.S.C. § 7421(a) (The Anti–Injunction Act), the collection of taxes in most cases is insulated from judicial intervention and requires that the legal right to dispute its sums be determined in a suit for refund. *Enochs v. Williams Packing and Navigation Company* (1962), 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292; *Flynn v. United States By and Through Eggers* (3d Cir.1986), 786 F.2d 586.

The Supreme Court in *Williams Packing* created an exception to § 7421(a). If it is clear that under no circumstances could the government ultimately prevail, the central purpose of the Anti–Injunction Act is inapplicable and the attempted collection may be enjoined if equity jurisdiction otherwise exists. The taxpayer must meet two independent requirements: (i) when the facts and law are examined in the light most favorable to the government, it must appear that the government cannot prevail on the merits; and (ii) there must be an independent basis for the Court to exercise its equitable jurisdiction.

### ORDER OF COURT

AND NOW, to-wit, this 4th day of March, 1991, it is ordered that this action shall be remanded to the Court of Common Pleas of Beaver County, Pennsylvania, for disposition.

IT IS FURTHER ORDERED that the request of defendant Brobeck, in his brief, for leave to amend his Answer and Coun-

terclaim in Civil Action No. 87–2017 is dismissed without prejudice.