Ira A. SHAPIRO, D.C., et al., Plaintiffs,

v.

**MIDDLESEX COUNTY MUNICIPAL JOINT INSURANCE FUND, et al., Defendants.**

**Civil Action No. 95–6552 (AJL).**

United States District Court,
D. New Jersey.

May 2, 1996.

Michael A. Toto, Cranbury, New Jersey, for Plaintiffs.

Roger B. Kaplan, Wilentz, Goldman & Spitzer, Woodbridge, New Jersey, for Defendants Middlesex County Municipal Joint Insurance Fund, William R. Kurtz, Individuals Who Are Commissioners and Directors of the Middlesex County Municipal Joint Insurance Fund, Insurance Claims Solutions and Scibal Associates.

John J. Kane, Lynch Martin, North Brunswick, New Jersey, for Defendants Allan F. Crane and Terrence G. Blackwell.

## OPINION

LECHNER, District Judge.

This is an action brought by plaintiffs Ira A. Shapiro, D.C., John Allen, D.C. and the New Jersey Chiropractic Society (collectively the "Plaintiffs") against defendants Middlesex County Municipal Joint Insurance Fund ("JIF"), William Kurtz ("Kurtz"), Individuals Who Are Commissioners and Directors of JIF, Old Bridge/Sayreville Medical Group (the "Medical Group"), Individuals Who Are Shareholders, Directors and Officers of the Medical Group, Scibal Associates ("Scibal"), Claims Solutions, Allan F. Crane ("Crane") and Terrence G. Blackwell ("Blackwell") (collectively the "Defendants") seeking declaratory, injunctive and monetary relief.

A complaint (the "State Complaint") was filed in the Superior Court of New Jersey, Chancery Division, Middlesex County (the "Superior Court") on 16 November 1995. In the State Complaint, Plaintiffs allege tacit conspiracy, intentional interference with con-

tractual relations, intentional interference with business relations and violations of N.J.S.A. § 34:15–36 (Labor and Workmen's Compensation) and N.J.S.A. § 56:9–4(a) (New Jersey Antitrust Act; Monopolies). Defendants filed the instant notice of removal (the "Notice of Removal") on 27 December 1995. Removal jurisdiction is alleged pursuant to 28 U.S.C. § 1441. Currently before the court is the question as to whether this matter should be remanded to the Superior Court pursuant to 28 U.S.C. § 1447(c).[1] For the reasons set forth below, this matter is remanded to the Superior Court pursuant to 28 U.S.C. § 1447(c).

*Facts*

### 1. The Federal Action

On 7 April 1994, Plaintiffs filed a twelve-page complaint (the "Federal Complaint") in this court against certain Defendants (the "Federal Defendants")[2] alleging violations of sections 4 and 16 of the Clayton Act (15 U.S.C. §§ 15 and 26), sections 1 and 2 of the Sherman Antitrust Act (15 U.S.C. §§ 1 and 2) and N.J.S.A. 56:9–3 (New Jersey Antitrust Act; Restraint of Trade). The Federal Defendants submitted a notice of intent to move to dismiss the Federal Complaint. At a status conference held on 21 July 1994, Plaintiffs were given until 29 July 1994 to amend the Federal Complaint. *See* Minutes of Proceedings (21 July 1994). At the status conference the Federal Defendants were instructed to file their motions to dismiss pursuant to Rule 12N, *Appendix N* of the Rules Governing the United States District Court for the District of New Jersey. *Id.*

On 1 August 1994, Plaintiffs filed a nineteen-page amended Federal Complaint (the "Amended Federal Complaint"). On 23 September 1994, a second status conference was held to discuss the anticipated motions to dismiss.[3] *See* Minutes of Proceeding (23 September 1994). On 12 October 1994, JIF,

Kurtz, Scibal, Crane and Blackwell submitted motions to dismiss; Plaintiffs submitted an opposing brief and affidavits.

On 21 October 1994, counsel for JIF, Kurtz and Scibal wrote to the court to request an adjournment of oral argument on the motions to dismiss because of a conflict. Oral argument was adjourned to 23 November 1994. At the hearing on the motions to dismiss on 23 November 1994 and before any determination on the merits was rendered, Plaintiffs decided to voluntarily withdraw the Amended Federal Complaint. *See* Minutes of Proceedings (23 November 1994). The Federal Defendants *did not oppose* the voluntarily withdrawal. *Id.* By Order, filed 28 November 1994, the Amended Federal Complaint was dismissed *without prejudice* pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure and without addressing the merits of the motions to dismiss.

### 2. The State Action

On 16 November 1995, Plaintiffs filed the State Complaint, bearing docket number C–310–95, in the Superior Court. Notice of Removal, Exh. A. In the seventy-one-page State Complaint (including exhibits), Plaintiffs allege tacit conspiracy, intentional interference with contractual relations, intentional interference with business relations and violations of N.J.S.A. § 34:15–36 (Labor and Workmen's Compensation) and N.J.S.A. § 56:9–4(a) (New Jersey Antitrust Act; Monopolies). *Id.*, ¶¶ 58–157. Plaintiffs do not assert any claims for violation of any Federal statutory or common law rights. *See id.* On 27 December 1995, Defendants filed the Notice of Removal. At a status conference on 4 January 1996, the issue of remand was raised *sua sponte* because of the lack of diversity jurisdiction.

---

1. In support of the *sua sponte* remand inquiry, Plaintiffs submitted: Brief on Behalf of Plaintiffs In Support of Remand ("Plaintiffs Brief").

 In opposition to the *sua sponte* remand inquiry, the Defendants submitted: Brief on Behalf of Defendants In Opposition to Remand ("Defendants Brief"); Reply Brief on Behalf of Defendants In Opposition to Remand; Affidavit of Roger B. Kaplan.

2. The Federal Defendants included JIF, Kurtz, the Medical Group, Scibal, Crane and Blackwell.

3. JIF, Kurtz and Scibal collectively filed a motion to dismiss the Amended Federal Complaint; Crane and Blackwell filed a separate motion to dismiss the Amended Federal Complaint.

## Discussion

Under the general Federal removal statutes, an action brought in state court can be removed to the Federal district court if that Federal district court would have had original jurisdiction over the action. 28 U.S.C. § 1441(a).[4] A defendant seeking to remove a case must file "a notice of removal ... containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served...." 28 U.S.C. § 1446(a).

 When confronted with a motion to remand a case to state court, the removing party has the burden of establishing the propriety of removal. *See Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir.1992) (removing party carries "heavy burden of persuasion"); *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir.1990), *cert. denied*, 498 U.S. 1085, 111 S.Ct. 959, 112 L.Ed.2d 1046 (1991); *Steel Valley Auth. v. Union Switch and Signal Div., Am. Standard, Inc.*, 809 F.2d 1006, 1011 (3d Cir.1987), *cert. dismissed*, 484 U.S. 1021, 108 S.Ct. 739, 98 L.Ed.2d 756 (1988); *Garcia v. General Motors Corp.*, 910 F.Supp. 160, 162 (D.N.J.1995); *Moore v. DeBiase*, 766 F.Supp. 1311, 1315 (D.N.J.1991); *Mountain Ridge State Bank v. Investor Funding Corp.*, 763 F.Supp. 1282, 1288 (D.N.J.1991); *Davis v. Baer*, 599 F.Supp. 776, 779 (E.D.Pa.1984). Removal statutes, moreover, "are to be strictly construed against removal and all doubts are to be resolved in favor of remand."[5] *Boyer*, 913 F.2d at 111 (quoting *Steel Valley*, 809 F.2d at 1010); *see Garcia*, 910 F.Supp. at 162; *Moore*, 766 F.Supp. at 1314; *Mountain Ridge*, 763 F.Supp. at 1288.

 The removing party must show Federal subject matter jurisdiction exists and that removal is proper. *Batoff*, 977 F.2d at 851; *Boyer*, 913 F.2d at 111; *Steel Valley*, 809 F.2d at 1011; *Garcia*, 910 F.Supp. at 162; *Moore*, 766 F.Supp. at 1315; *Mountain Ridge*, 763 F.Supp. at 1288; *Capone v. Harris Corp.*, 694 F.Supp. 111, 112 (E.D.Pa. 1988). Defendants assert Federal question jurisdiction. Defendants' Brief at 10 (citing 28 U.S.C. § 1441(b)). Plaintiffs argue, however, removal was improper because the State Complaint is based solely on state law claims. Plaintiffs Brief at 4. As mentioned, diversity does not exist among the parties.

 Federal question jurisdiction exists if the action "arises under ... the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. To determine whether a case "arises under" Federal law, a court must look to the allegations of the plaintiff's "well-pleaded complaint." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 10, 103 S.Ct. 2841, 2846–47, 77 L.Ed.2d 420 (1983); *accord United Jersey Banks v. Parell*, 783 F.2d 360, 365 (3d Cir.), *cert. denied sub nom.*, *First Fidelity Bancorporation v. Parell*, 476 U.S. 1170, 106 S.Ct. 2892, 90 L.Ed.2d 979 (1986). As generally interpreted, "a right or immunity created by the Constitution or laws of the United States must be an element, *and an essential one*, of the plaintiff's cause of action." *Franchise Tax Bd.*, 463 U.S. at 10–11, 103 S.Ct. at 2847 (quoting *Gully v. First Nat'l Bank*, 299 U.S. 109, 112, 57 S.Ct. 96, 97, 81 L.Ed. 70 (1936)) (emphasis added); *accord Parell*, 783 F.2d at 365; *New Jersey State AFL–CIO v. New Jersey*, 747 F.2d 891, 892 (3d Cir.1984).

 It is a settled principle of Federal jurisdiction jurisprudence that a Federal

---

4. Removal in this case is governed by 28 U.S.C. §§ 1441(a) and (b), which provide in pertinent part:

 (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.
 (b) Any civil action of which the district courts have original jurisdiction founded on a claim

or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties.

28 U.S.C. §§ 1441(a) and (b).

5. Removal statutes are strictly construed to "prevent waste of judicial resources, *i.e.*, if it turns out that there is no [F]ederal question or diversity, the Federal Court's judgment would have to be set aside on appeal." *Wuerl v. International Life Science Church*, 758 F.Supp. 1084, 1086 (W.D.Pa.1991).

question must appear on the face of the complaint, and Federal jurisdiction cannot be created by anticipating a defense based on Federal law. *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 2429–30, 96 L.Ed.2d 318 (1987); *Franchise Tax Bd.,* 463 U.S. at 10, 103 S.Ct. at 2846–47 (a defendant may not remove a case to Federal court unless the plaintiff's complaint establishes that the case "arises under" Federal law); *American Fire & Casualty Co. v. Finn,* 341 U.S. 6, 14, 71 S.Ct. 534, 540, 95 L.Ed. 702 (1951) ("we look to the plaintiff's pleading, which controls"); *Louisville & Nashville R.R. v. Mottley,* 211 U.S. 149, 152, 29 S.Ct. 42, 43, 53 L.Ed. 126 (1908); *accord Parell,* 783 F.2d at 365.

■ Indeed, the plaintiff is master of his or her claim and may choose not to assert an available Federal right and rely only on state law. *Caterpillar,* 482 U.S. at 392, 107 S.Ct. at 2429–30; *Great Northern Ry. v. Alexander,* 246 U.S. 276, 282, 38 S.Ct. 237, 239–40, 62 L.Ed. 713 (1918); *The Fair v. Kohler Die & Specialty Co.,* 228 U.S. 22, 25, 33 S.Ct. 410, 411–12, 57 L.Ed. 716 (1913); *accord Parell,* 783 F.2d at 365–66; *see also* 14A Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure* § 3722, at 266–68 (2d ed. 1985). If a claim can be maintained on both state and Federal grounds, the plaintiff has the option to defeat removal by ignoring the Federal question and only asserting the state law claim. *Caterpillar,* 482 U.S. at 392, 107 S.Ct. at 2429 ("[t]he rule makes the plaintiff the master of the claim; he or she may avoid [F]ederal jurisdiction by exclusive reliance on state law"); *Great Northern Ry.,* 246 U.S. at 282, 38 S.Ct. at 239–40; *Fair,* 228 U.S. at 25, 33 S.Ct. at 411–12; *accord Sullivan v. First Affiliated Sec., Inc.,* 813 F.2d 1368, 1372 (9th Cir.), *cert. denied,* 484 U.S. 850, 108 S.Ct.

150, 98 L.Ed.2d 106 (1987); *see also* 1A James WM. Moore, *Moore's Federal Practice* ¶ 0.160[3.–3], at 231–32 (2d ed. 1996).

■ "[I]t is an independent corollary of the well-pleaded complaint rule[, however,] that a plaintiff may not defeat removal by omitting to plead *necessary* [F]ederal questions in a complaint." *Franchise Tax Bd.,* 463 U.S. at 22, 103 S.Ct. at 2853 (citation omitted). Under this "artful pleading" corollary principle, a court will not allow a plaintiff to deny a defendant a Federal forum when the plaintiff's complaint contains a Federal claim "artfully pleaded" as a state claim. *Parell,* 783 F.2d at 367; *see also Eitmann v. New Orleans Public Serv., Inc.,* 730 F.2d 359, 365 (5th Cir.), *cert. denied,* 469 U.S. 1018, 105 S.Ct. 433, 83 L.Ed.2d 359 (1984); 14A *Federal Practice & Procedure* § 3722, at 268–76.[6]

■ To establish artful pleading, the removing party must demonstrate the Federal issue is necessary to the action. Indeed, the "mere presence of a [F]ederal issue in a state cause of action does not automatically confer [F]ederal-question jurisdiction." *Merrell Dow Pharmaceuticals, Inc. v. Thompson,* 478 U.S. 804, 813, 106 S.Ct. 3229, 3234, 92 L.Ed.2d 650 (1986) (footnote omitted); *Gully,* 299 U.S. at 115, 57 S.Ct. at 99 ("[n]ot every question of [F]ederal law emerging in a suit is proof that a [F]ederal law is the basis of the suit"). Rather, Federal question jurisdiction extends only to those cases in which a well-pleaded complaint establishes *either* Federal law creates the cause of action, *or* the plaintiff's right to relief necessarily depends on resolution of a substantial question of Federal law. *Franchise Tax Bd.,* 463 U.S. at 13, 103 S.Ct. at 2848; *see also Christianson v. Colt Indus.*

---

**6.** Artful pleading is explained as:

[I]n many contexts plaintiff's claim may be one that is exclusively governed by [F]ederal law, so that the plaintiff necessarily is stating a [F]ederal cause of action, whether he [or she] chooses to articulate it that way or not. If the only remedy available to plaintiff is [F]ederal, because of preemption or otherwise, and the state court must look to [F]ederal law in passing on the claim, the case is removable regardless of what is in the pleading. If, however, there is a choice between [F]ederal and state remedies, the [F]ederal courts will not ignore the plaintiff's choice of state law as the basis for the action. To do so would contravene the principle that the [F]ederal courts are courts if limited jurisdiction and create a discrepancy in practice between original and removal jurisdiction.

14A *Federal Practice & Procedure* § 3722, at 271–76 (footnotes omitted).

*Operating Corp.*, 486 U.S. 800, 808–10, 108 S.Ct. 2166, 2173–75, 100 L.Ed.2d 811 (1988).

For example, in *Federated Dep't Stores, Inc. v. Moitie,* the action removed from state court tracked the complaint of an earlier Federal antitrust action by the same plaintiff that had been dismissed, after review on the merits, for failure to state a claim. 452 U.S. 394, 395–97, 101 S.Ct. 2424, 2426–27, 69 L.Ed.2d 103 (1981). Concluding in a footnote there was Federal jurisdiction, the Supreme Court held the claims had "sufficient [F]ederal character to support removal." *Id.* at 397 n. 2, 101 S.Ct. at 2427 n. 2. The result in *Moitie* cannot be applied to this action because of significant differences in the procedural histories of the two cases.

In *Moitie,* judgment dismissing the Federal antitrust claims was granted in the first filed suit on the ground plaintiffs had not alleged an "injury" to their "business or property" within the meaning of section 4 of the Clayton Act, 15 U.S.C. § 15. *Id.* at 396–97, 101 S.Ct. at 2426–27. Final judgment on the merits of an action precludes the parties from relitigating issues. *Id.* at 398, 101 S.Ct. at 2427–28. In fact, the bulk of the *Moitie* opinion focuses on unrelated issues involving claim preclusion.

Several of the other cases heavily relied upon by Defendants are similarly not applicable to this case because, as in *Moitie,* issues of claim and issue preclusion factored into their results. For example, in *Salveson v. Western States Bankcard Ass'n,* 731 F.2d 1423 (9th Cir.1984), summary judgment was granted in the first filed suit on the ground the suit was barred by the statute of limitations. *Id.* at 1426. Following entry of the judgment, the plaintiffs filed another action in state court. *Id.* In deciding a motion to remand, the court held the state claims "were actually artfully pleaded [F]ederal claims [to which claim preclusion] properly applied." *Id.* Likewise, in *Hartley v. Mentor Corp.,* 869 F.2d 1469 (Fed.Cir.1989), the court determined the validity of the '274 patent was at issue; the same issue determined in a prior litigation. *Id.* at 1471.

Significantly, the voluntary dismissal of the Amended Federal Complaint came at a time when motions to dismiss were pending. The motions to dismiss had been fully briefed and oral argument had been adjourned at the request of defense counsel. Notwithstanding the "ready nature" of the motions to dismiss, at oral argument on 23 November 1994, counsel for Plaintiffs requested leave to voluntarily withdraw the Amended Federal Complaint. Counsel for Defendants did not request a ruling on the motions to dismiss; on the contrary, they did not oppose the request to voluntarily dismiss. Accordingly, an order of dismissal pursuant to Fed. R.Civ.P. 41(a)(1) was filed on 28 November 1994. The merits of the motions to dismiss were not addressed.

Unlike the situation in *Moitie,* the Amended Federal Complaint was voluntarily dismissed by Plaintiffs *before* the merits of the action were addressed. The State Complaint is not comprised of disguised Clayton and Sherman Act claims against which a final opinion has been previously rendered.

This Circuit applies the artful pleading doctrine "with circumscription." *See Parell,* 783 F.2d at 368.

> Unless applied with circumscription, the artful pleading doctrine may raise difficult issues of [F]ederal-state relations. An expansive application of the doctrine could effectively abrogate the rule that a plaintiff is master of his or her complaint.

*Id.* (citing *Hunter v. United Van Lines,* 746 F.2d 635, 640 (9th Cir.1984), *cert. denied,* 474 U.S. 863, 106 S.Ct. 180, 88 L.Ed.2d 150 (1985)); *see also In re Agent Orange Prod. Liab. Litig.,* 996 F.2d 1425, 1430–31 (2d Cir. 1993) ("[b]ecause state and [F]ederal laws have many overlapping or even identical remedies and because generally we respect a plaintiff's choice between state and [F]ederal forums, this exception to the well-pleaded complaint rule is necessarily a narrow one"), *cert. denied sub nom., Ivy v. Diamond Shamrock Chem. Co.,* 510 U.S. 1140, 114 S.Ct. 1125, 127 L.Ed.2d 434 (1994); *Sullivan,* 813 F.2d at 1372. The *Moitie* decision was not meant to revolutionize the law of Federal removal jurisdiction. Two years after *Moitie,* the Supreme Court reaffirmed the well-pleaded complaint rule stating, the law of removal jurisdiction "has remained basically

unchanged for the past century." *Franchise Tax Bd.,* 463 U.S. at 7, 103 S.Ct. at 2845.

■ Irrespective of the limits of the artful pleading doctrine, all removal cases where the defendant asserts artful pleading are "governed by the general rule that [F]ederal jurisdiction will not be found when the complaint states a *prima facie* claim under state law." *Parell,* 783 F.2d at 368; *see also Sullivan,* 813 F.2d at 1372. Plaintiffs have alleged no Federal cause of action, raised no Federal issue and not relied on any Federal statute. The conduct complained of in the State Complaint affects New Jersey chiropractors in the Township of Old Bridge area who allege the Township of Old Bridge no longer permits use of chiropractors as treating physicians even though the New Jersey Workers Compensation Law allows compensation for chiropractic treatment. State Complaint, ¶¶ 17–18, 35. Plaintiffs only seek relief under state law for alleged violations of state statutes and the alleged commission of common law torts.

■ Plaintiffs were free to confine their claims and factual assertions to ones based on state law and proceed in state court because the New Jersey Antitrust Act is not preempted by any Federal antitrust statute. *Pomanowski v. Monmouth County Bd. of Realtors,* 89 N.J. 306, 313–14, 446 A.2d 83, *cert. denied,* 459 U.S. 908, 103 S.Ct. 213, 74 L.Ed.2d 170 (1982); *State v. Lawn King, Inc.,* 84 N.J. 179, 191, 417 A.2d 1025 (1980); *Glasofer Motors v. Osterlund, Inc.,* 180 N.J.Super 6, 21, 433 A.2d 780 (App.Div.1981); *see also Salveson,* 731 F.2d at 1427 (no clear congressional intent to preempt state antitrust regulation); *Cheshire v. Coca–Cola Bottling Affiliated, Inc.,* 758 F.Supp. 1098, 1100 (D.S.C.1990) (same). Moreover, the New Jersey Antitrust Act is to be construed in harmony with comparable Federal antitrust statutes. *Corrosion Resistant Materials Co. v. Steelite, Inc.,* 692 F.Supp. 407, 415 (D.N.J. 1988); *Monmouth Chrysler–Plymouth, Inc. v. Chrysler Corp.,* 102 N.J. 485, 494, 509 A.2d 161 (1986); *Pomanowski,* 89 N.J. at 313, 446 A.2d 83; *Lawn King,* 84 N.J. at 192, 417 A.2d 1025.

■ The fact antitrust elements and concepts may be involved in a case does not necessarily make it a Federal antitrust case. Federal question jurisdiction does not exist simply because the subject matter of the action could give rise to a Federal law claim as well as a state law claim. *See Salveson,* 731 F.2d at 1427 ("[F]ederal jurisdiction is not preferred merely because the nature of the claim is such that it could be framed as a [F]ederal cause of action as well as one arising under state law"); *Cheshire,* 758 F.Supp. at 1100. "The harmonious construction of [Federal and state antitrust] statutes suggests that ... where the center of gravity falls within the [State] ..., the disputed activities will require the application of state law." *Patriot Cinemas, Inc. v. General Cinema Corp.,* 1987–1 Trade Cas. ¶ 67,453, at 59,895 to 59,897, 1986 WL 14086 (D.Mass. 1986), *judgment vacated on other grounds,* 834 F.2d 208 (1st Cir.1987).

*Conclusion*

For the reasons stated above, this matter is remanded to the Superior Court pursuant to 28 U.S.C. § 1447(c).