**Solomon THOMPSON, Plaintiff,**

v.

**PYRAMID CONSTRUCTORS, Defendant.**

No. Civ.A. 1:00–CV–582.

United States District Court, E.D. Texas, Beaumont Division.

Nov. 30, 2000.

Woodson E. Dryden, Brian Dale Sutton, Joseph N Jannise, Jr., Dryden Grossheim & Sutton, Beaumont, TX, for plaintiff.

Steven Alec Leyh, Leyh & Payne, Houston, TX, for defendant.

## ORDER TO REMAND

COBB, District Judge.

Before the court is Plaintiff Solomon Thompson's Motion to Remand this case to the appropriate court in the State of Texas, Defendant Pyramid Constructors' Motion for Summary Judgment [4–1], Plaintiff's Motion to Rule on Objections to Deposition Testimony [6–1], and Plaintiff's Motion to Abate the Proceedings [11–1]. The court having reviewed the motions and responses on file is of the opinion that the Motion to Remand be GRANTED and the Motions for Summary Judgment, to Rule on Objections, and to Abate the Proceedings be DENIED as MOOT.

On or about October 13, 1999, the plaintiff commenced a state court action against the defendant, in the District Court of Jefferson County, Texas, 60th Judicial District. His complaint was pleaded on four causes of action under Texas state law: intentional infliction of emotional distress, libel and slander, assault, and defamation. These complaints stem from actions plaintiff alleges to have been aimed at him by his supervisor, Mr. K. Dolly, while employed by the defendant, which were allegedly calculated to cause continual severe grief and anguish.

These alleged actions include, among other things, intentionally throwing plaintiff's paycheck on the ground while handing other laborers their paychecks; reciting racially and ethnically based jokes in front of plaintiff; referring to plaintiff as a "dumb nigger" and as his "pet nigger"; asking plaintiff why plaintiff was at work on "Juneteenth" instead of being home eating watermelon and cooking barbeque; and spitting on the floor immediately after plaintiff had swept it. Plaintiff Thompson is black.

█ Removal to federal court is authorized by 28 U.S.C. § 1446(b), which provides that notice of removal must be filed within thirty days after the receipt by the defendant of an initial pleading, or an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable. Removal based on federal question jurisdiction is proper when (1) the face of the claim raises an issue of federal law, (2) a substantial issue of federal law is a necessary element of a state claim before the court, or (3) the area of law is completely preempted by federal law. *See Parents United for Better Schools, Inc. v. School District of Philadelphia Board of Education*, No. 96–3791, 1996 WL 442887, 1996 U.S. Dist. LEXIS 11167, at *3–4 (E.D.Pa. July 31, 1996).

█ Apparently, counsel for defendant has argued that the more appropriate complaint would be under federal statutes prohibiting discrimination in employment on the basis of race. However, plaintiff's counsel has steadfastly refused to bring a federal claim, under any theory, and apparently attempted to make it clear to defendant that he had no intention of bringing any but a claim based solely in Texas state law.

Defendant made a motion to the state court for partial summary judgment in the matter. Plaintiff's response, in state court, provided the background of the allegations, presented the validity of his state law claims and argued why the complaint should survive a motion for summary judgment based solely in Texas state law. That response was filed on August 17, 2000. After ten pages of argument addressing only state law, plaintiff addressed the defendant's apparent continued urging to file a federal claim in the following paragraph:

Approxiamately [*sic*] 150 years of United States Constitutional law, decades of civil rights legislation and years of remedial state measures to protect against such abuses, support Mr. Thompson's remedy. The defendant posits that the more appropriate forum for Mr. Thompson to address his complaints would be a Title VII or TCHRA court. However, this is 5th Circuit dicta. The court states that these statutes were specifically tailored to address such issues, on the contrary, [*sic*] these statutes were enacted to allow another means in which an aggrieved party may seek redress. These statutes are not mutually exclusive of the common law, but exist concomitantly.

Plaintiff's Response to Defendant's Motion for Partial Summary Judgment (state proceeding Cause No. B–161,683), p. 10.

On August 24, 2000, defendant filed a notice of removal of the case to this court, quoting only the first sentence of the paragraph cited, *supra,* and then continuing:

Plaintiff clearly claims that the United States Constitution and Civil Rights legislation support Mr. Thompson's remedy. The United States Constitution needs no cite. The Civil Rights legislation referenced is Title 7 [*sic*] of the Civil Rights Act of 1964 and § 1981 of the Civil Rights Act of 1866. Both are clearly Federal statutes. Therefore, at least one or more separate and independent federal claims is among the multiple causes of action alleged by Plaintiff. Therefore this Court has jurisdiction

over this case, pursuant to 28 U.S.C. § 1441.

Defendant's Notice of Removal, p. 2.

Thus, defendant asserts there is federal question jurisdiction in this court. Plaintiff continues to assert that he has made no claim whatsoever under federal law and has entered a motion that his complaint should be remanded to state court. Defendant bases its removal action on having received "notice" that a federal cause of action has been pleaded based on having been served "other paper" (i.e., the reference to the U.S. Constitution and civil rights laws in Plaintiff's Response to Defendant's Motion for Partial Summary Judgment) and that its removal action was timely taken. Defendant cites *Jackson v. Brooke*, 626 F.Supp. 1215 (D.Colo.1986), and *Walker v. South Central Telephone Co.*, 904 F.2d 275 (5th Cir.1990), in support of the validity of the removal action.

■ "Notice" may be provided by an allegation of a wrong, even if inartfully described, coupled with a description of the facts giving rise to the injury from which the elements of the complaint may be discerned. *See Walker v. South Central Bell Telephone Co.*, 904 F.2d 275, 277–78 (5th Cir.1990). That plaintiff asserted a claim for intentional infliction of emotional injury, which the district court had dismissed under Fed.R.Civ.Pro. 12(b)(6) for failure to state a claim. The Fifth Circuit reversed that portion of the district court's ruling, stating that "[a] court 'must go much further than merely accept ... the facts of the complaint' and not dismiss 'unless it appears beyond doubt that the plaintiff can prove no set of facts ... which would entitle him to relief.' " *Id.* at 277–78 (quoting *Investors Syndicate v. City of Indian Rocks Beach, Fla.*, 434 F.2d 871, 876 (5th Cir.1970) and *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). The plaintiff affirmatively asserted her emotional injury claim. The appellate court interpreted the "inartful" rendering of her complaint and statement of facts as stating a claim sufficient

to survive dismissal. Here, Defendant Pyramid Constructors urges that this court should interpret Plaintiff Thompson's generalized comment about the U.S. Constitution and decades of unspecified civil rights legislation to mean that a cause of action supported by the acts alleged to have been committed by Mr. Dolly has been affirmatively asserted under Title VII of the Civil Rights Act of 1964 and other federal statutes. Such a proposition must be examined as a matter of the sufficiency of plaintiff's responsive pleading as "notice" provided in an "other paper."

■ Defendant Pyramid Constructors is correct that a pleading, such as a response to a motion for summary judgment, can be qualified as "other paper" sufficient to put that defendant on notice that a federal cause of action has been pled. *See Jackson v. Brooke*, 626 F.Supp. 1215, 1216–17 (D.Colo.1986). In that respect, a defendant is well-advised to exercise its right to removal within thirty days of receiving a responsive pleading which asserts a federal cause of action, or face the likelihood of losing that right. However, in *Jackson v. Brooke*, the plaintiff's response to the motion for partial summary judgment affirmatively and specifically argued that his underlying case adequately pleaded a claim for relief under 42 U.S.C. § 1983. *Id.* at 1216. That is, the plaintiff actually asserted that specific federal statute as one of his bases for surviving the motion for partial summary judgment. In doing so, the plaintiff met one of the requirements allowing removal to federal court— an issue of federal law was raised on the face of the claim.

Similarly, a motion to remand was denied following removal to federal court when the plaintiff responded to a motion for summary judgment by specifically claiming a Fourteenth Amendment right to freedom from unnecessary governmental intrusion into child-rearing. That court held that the claim for relief under the Fourteenth Amendment made the respon-

sive pleading into an "other paper" for notice purposes. *See Parents United for Better Schools, Inc. v. School District of Philadelphia Board of Education,* No. 96–3791, 1996 WL 442887, 1996 U.S. Dist. LEXIS 11167 at *2 (E.D.Pa. July 31, 1996). Again, that was an affirmative claim which particularized its federal grounds under the Fourteenth Amendment's protections against governmental intrusion.

Unlike either of these cases, however, the language of Plaintiff Thompson's response to the motion for partial summary judgment does not specify any specific statute or identifiable cause of action founded in federal law. It merely makes a broad and general comment that the plaintiff's state law action is supported by the U.S. Constitution and unspecified civil rights legislation. No cause of action is enumerated, though plaintiff notes that defendant urges that the claim be pursued as a Title VII or other Civil Rights related action. The same paragraph immediately proceeds to point out that such federal legislation exists "concomitantly" with state law and is not mutually exclusive of a state based claim. "Concomitant" is defined as, "accompanying esp. in a subordinate or incidental way." *See* Merriam–Webster, Inc., Webster's Ninth New Collegiate Dictionary at 273 (1985). A federal statute is not subordinate to a similar state law. However, where a plaintiff chooses to bring an intentional infliction of emotional distress, slander, assault, or defamation action under state law instead of, for example, a federal employment discrimination statute, then that federal statute is certainly incidental to the complaint pursued.

■ In that vein, another district court remanded an action to quiet title which a defendant had removed on the basis of reading the claim to be "a federal question because title in the plaintiffs rests upon the validity of a seizure and sale of the real estate by the Internal Revenue Service." *See Wuerl v. Internat'l Life Sci-*ence Church, 758 F.Supp. 1084, 1085 (W.D.Pa.1991). The court noted that removal cannot be based simply on the fact that federal law may be referred to in some context in the case. If the claim does not "arise under" federal law, it is not removable on federal question grounds. *Incidental* federal issues are not enough. *See Id.* at 1086 (citing *Merrell Dow Pharmaceuticals, Inc. v. Thompson,* 478 U.S. 804, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986)). Further, the court noted that the "well-pleaded complaint rule" provides that, absent diversity, a case is removable only where a federal question is presented on the face of the plaintiff's complaint. This makes the plaintiff the master of the claim for purposes of removal jurisdiction. The plaintiff cannot avoid removal by "artfully disguising" a federal claim as only being a state claim. However, where plaintiff has a viable state law claim as well as a federal claim and simply chooses to sue in the state claim, such a case is not removable on federal question grounds. *See Id.* at 1086–87.

Here, Plaintiff Solomon Thompson has emphatically asserted that he is the sole master of his claim, which he has made solely under state law while eschewing any potential claim he may or may not have under federal law. The fact that, in one responsive pleading, he made a general reference to the U.S. Constitution and unspecified civil rights laws in general does not imply a federal claim. No cause of action whatsoever was stated. The plaintiff simply made a reference to the alternative federal actions urged by Defendant Pyramid Constructors, which he chooses not to pursue. Although the facts alleged by the plaintiff may or may not support a cause of action under federal law, the fact of this matter is that he has not brought any such action. His complaint does not so assert on the face of it and in this court's experience, there is neither any substantial issue of federal law as a necessary element of any of the state law actions files, nor are those areas preempted by federal law. Therefore, the fact that there are federal laws which may permit

entirely different actions at the plaintiff's initiation is incidental to the plaintiff's complaints under state law.

It is, therefore, ORDERED that plaintiff's Motion to Remand is hereby GRANTED. Because the case is remanded to Texas state court, defendant's Motion for Summary Judgment and plaintiff's Motions to Rule on Objection to Deposition Testimony and to Abate the Proceedings are DENIED as MOOT. Plaintiff has petitioned for the award of attorney's fees in connection with his motion to remand. Defendant Pyramid Constructors removed this case on the basis of federal court precedent suggesting that it may be necessary to do so, under the decisions expressed in *Jackson* and *Walker, supra.* That perceived necessity made defendant's removal action objectively reasonable, even if it was ultimately improper. The award of attorney's fees is not required following an improper removal action, if the removal was based on objectively reasonable grounds. *See Valdes v. Wal–Mart Stores, Inc.,* 199 F.3d 290, 294 (5th Cir.2000). On that basis, plaintiff's request for defendant to pay over all costs and expenses, including attorney's fees, as a result of the removal action is denied.