**CALDWELL TRUCKING PRP GROUP, Plaintiffs,**

v.

**CALDWELL TRUCKING COMPANY, INC., George J. O'Connor, Ruth Ann O'Connor and Okon Corp., Defendants.**

No. 00CV5463.

United States District Court, D. New Jersey.

May 7, 2001.

J. Barry Cocoziello, Podvey, Sachs, Meanor & Catenacci, Newark, NJ, for Plaintiff.

Nielsen V. Lewis, Skey, Dumont & Matejek, Princeton, NJ, for Defendants.

## OPINION

CAVANAUGH, District Judge.

This matter comes before the Court upon a motion by Plaintiffs to remand this matter. Pursuant to Federal Rule of Civil Procedure 78, no oral argument was heard. This Court has carefully reviewed the submissions of the parties and the record before it. For the reasons expressed below, it is the finding of this Court that Plaintiffs' motion to remand is **granted.**

## BACKGROUND

The facts relevant to Plaintiffs' motion to remand are as follows. On or about April 6, 2000, Plaintiffs filed a motion to amend its complaint against the O'Connor Defendants in the PRP contribution claim.

See *Caldwell Trucking PRP Group v. ADT Automotive, et al.,* Civ. No. 95–1690(DMC). On or about September 15, 2000, this Court denied the Plaintiffs' motion to amend the complaint.

On or about October 3, 2000, Plaintiffs Caldwell Trucking PRP ("Plaintiffs") filed a complaint and jury demand instituting an action against Defendants Caldwell Trucking Company, Inc., George J. O'Connor, Ruth Ann O'Connor and Okon Corp., ("Defendants") in the Superior Court New Jersey, Law Division, Essex County. Plaintiffs' complaint seeks contribution from the O'Connor Defendants for its costs of settling government claims and remediating the Site. In its complaint, Plaintiffs allege: (1) contribution pursuant to *N.J.S.A.* 58:10–23.11fa(2); (2) declaratory judgment; (3) common law restitution [1]; (4) contribution pursuant to the New Jersey Joint Tortfeasors Contribution Act, *N.J.S.A.*

---

1. Defendants take particular issue with count III of Plaintiffs' complaint. For instance, although the claim is for common law restitution, Defendants allege that by their reference to CERCLA, Plaintiffs create a federal question upon which this Court has jurisdiction to adjudicate. Count III of Plaintiffs' complaint states:

    [RESTITUTION]
    46. Plaintiffs repeat and reallege the allegations contained in Paragraphs 1 through 45 as if fully set forth herein.
    47. Defendants handled, used, treated, stored and disposed of waste materials so that the Site contaminated and remains contaminated by the presence of hazardous substances and constitutes a threat to property and the environment.
    48. By reason of the foregoing activities, Defendants are each responsible for the investigation and remediation of contamination at the Site pursuant to CERCLA, 42 U.S.C. § 9601 *et seq.,* the New Jersey Spill Act, and the New Jersey Water Pollution Control Act, *N.J.S.A.* 58:10A–1 *et seq.*
    49. Plaintiffs have incurred and will continue to incur expenses associated with defining the nature and extent of contam-

    ination at the Site and implementing measures to remedy said contamination; conditions caused by the activities of Defendants. In short, contamination at the Site is being investigated and remedied solely at Plaintiffs' expense.
    50. By reason of the above activities, Plaintiffs have conferred and are conferring a benefit upon Defendants by assuming expenses and obligations for which the latter are responsible.
    51. Equitable considerations require that Defendants provide appropriate restitution to Plaintiffs for the benefit it has conferred upon each of them.
    WHEREFORE, Plaintiffs demand judgment against Defendants for:
    (a) Contribution for all response costs already paid by Plaintiffs;
    (b) Contribution for all response costs paid by Plaintiffs, including operational and maintenance costs for soil and groundwater operational units;
    (c) Pre-judgment interest and costs of suit including but not limited to attorneys' fees; and
    (d) Such other relief as this Court deems just and proper.
    Complaint, count III at 14–5.

2A:53A–1. *et seq.;* (5) common law indemnification; (6) public nuisance; and (7) common law strict liability. *See* Complaint.

On or about November 3, 2000, the O'Connor Defendants filed a notice of removal pursuant to 28 U.S.C. §§ 1441 and 1446 effectuating removal of the state court complaint to the United States District Court for the District of New Jersey. On or about November 11, 2000, the O'Connor Defendants filed answers and affirmative defenses to the removed complaint. Presently before this Court is a motion by Plaintiffs to remand this matter to the Superior Court New Jersey, Law Division, Essex County.

Plaintiffs argue that: (1) removal by Defendants was improper because the federal court does not have jurisdiction to adjudicate Plaintiffs' state law claims; (2) removal by Defendants was improper since there is no separate and independent action under 28 U.S.C. § 1441(c); (3) the "artful pleading" doctrine alleged by Defendants does not apply because Plaintiffs' claims are grounded and limited to state law theories of recovery; and (4) removal by Defendants was improper because federal law does not completely preempt state law. *See* Plaintiffs' Brief in Support of its Motion to Remand at 7–18.

On the other hand, Defendants argue that Plaintiffs' complaint asserts claims arising under the laws of the United States over which this Court has original federal question jurisdiction under 28 U.S.C. § 1331. Essentially, Defendants maintain that count III of Plaintiffs' complaint asserts a CERCLA claim over which this Court has exclusive jurisdiction. Further, based upon this CERCLA claim, Defendants argue that this Court has supplemental jurisdiction over Plaintiffs' state law claims. *See* Defendants' Brief in Opposition to Plaintiffs' Motion to Remand at 5–40.

## DISCUSSION

A defendant may remove a claim from a state court to a federal district court pursuant to 28 U.S.C. § 1441[2] and 28 U.S.C. § 1446.[3] To qualify for removal, the cause of action must be a claim "of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). *See also Metropolitan Life Insurance Co. v. Taylor,* 481 U.S. 58, 63, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987). Since it is undisputed that the parties are non-diverse and removal jurisdiction is predicated on the existence of original federal jurisdiction, the first question that must be addressed is whether the complaint pleads a federal cause of action under the well-pleaded complaint rule. *See Louisville & Nash-*

---

**2.** 28 U.S.C. § 1441(a) provides:

[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

28 U.S.C. § 1441(a).

**3.** 28 U.S.C. § 1446(a) states:

[a] defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

28 U.S.C. § 1446(a).

*ville Railroad v. Mottley,* 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908).

One category of cases over which the district courts have original jurisdiction is "federal question" cases; that is, those cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. It is well-settled law that a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law. *See id.; Gully v. First National Bank,* 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936). The "well-pleaded complaint rule" is the basic principal marking the boundaries of the federal question jurisdiction of the federal district courts. *See Franchise Tax Board of Cal. v. Construction Laborers Vacation Trust for Southern Cal.,* 463 U.S. 1, 9–12, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983). The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law. *See The Fair v. Kohler Die & Specialty Co.,* 228 U.S. 22, 25, 33 S.Ct. 410, 57 L.Ed. 716 (1913) ("[o]f course, the party who brings a suit is master to decide what law he will rely upon") (Holmes, J.); *see also Merrell Dow Pharmaceuticals, Inc. v. Thompson,* 478 U.S. 804, 809, n. 6, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986) ("[j]urisdiction may not be sustained on a theory that the plaintiff has not advanced"); *Great North. R. Co. v. Alexander,* 246 U.S. 276, 282, 38 S.Ct. 237, 62 L.Ed. 713 (1918) ("the plaintiff may by the allegations of his complaint determine the status with respect to removability of a case").

When confronted with a motion to remand, the removing party has the burden of establishing the propriety of removal. *See Batoff v. State Farm Insurance Co.,* 977 F.2d 848 (3d Cir.1992) (removing party carries a "heavy burden of persuasion").

Count III of Plaintiffs' state complaint sets forth a claim for common law restitution. *See* Complaint, count III. Plaintiffs' restitution count states:

46. Plaintiffs repeat and reallege the allegations contained in Paragraphs 1 through 45 as if fully set forth herein.

47. Defendants handled, used, treated, stored and disposed of waste materials so that the Site contaminated and remains contaminated by the presence of hazardous substances and constitutes a threat to property and the environment.

48. By reason of the foregoing activities, Defendants are each responsible for the investigation and remediation of contamination at the Site pursuant to CERCLA, 42 U.S.C. § 9601 *et seq.,* the New Jersey Spill Act, and the New Jersey Water Pollution Control Act, *N.J.S.A.* 58:10A–1 *et seq.*

49. Plaintiffs have incurred and will continue to incur expenses associated with defining the nature and extent of contamination at the Site and implementing measures to remedy said contamination; conditions caused by the activities of Defendants. In short, contamination at the Site is being investigated and remedied solely at Plaintiffs' expense.

50. By reason of the above activities, Plaintiffs have conferred and are conferring a benefit upon Defendants by assuming expenses and obligations for which the latter are responsible.

51. Equitable considerations require that Defendants provide appropriate restitution to Plaintiffs for the benefit it has conferred upon each of them.

WHEREFORE, Plaintiffs demand judgment against Defendants for:

(a) Contribution for all response costs already paid by Plaintiffs;

(b) Contribution for all response costs paid by Plaintiffs, including operational and maintenance costs for soil and groundwater operational units;

(c) Pre-judgment interest and costs of suit including but not limited to attorneys' fees; and

(d) Such other relief as this Court deems just and proper.

Complaint, count III at 14–15.

The essence of Defendants' argument is that since Plaintiffs made reference to CERCLA in count III, they created jurisdiction in this Court. This Court disagrees with Defendants' position. Although Defendants contend that Plaintiffs' reference to CERCLA in count III of its complaint confers federal jurisdiction, Plaintiffs persuasively argue that its complaint only asserts state law claims and it does not specifically seek relief under federal law. *See* Plaintiffs' Brief in Support of its Motion to Remand at 8–9 (arguing that plaintiff has not opted to pursue federal claims and it is unreasonable for defendants to construe the mere mention or reference to CERCLA as creating a federal question). *See also* Complaint, count III at 14–15.

Further, Defendants argue that since the PRP Group's state law claims are completely preempted by CERCLA § 113(f) and related provisions, this Court has jurisdiction over Plaintiffs' complaint. Again, this Court disagrees. While it is correct that once an area of state law has been completely preempted, any claim purportedly based on that preempted state law is considered, from its inception, a federal claim, and therefore arises under federal law, *see Franchise Tax Board*, 463 U.S. at 24, 103 S.Ct. 2841 ("if a federal cause of action completely pre-empts a state cause of action any complaint that comes within the scope of the federal cause of action necessarily 'arises under' federal

law"), here, Plaintiffs' state law claims are not completely preempted.

Under the "well-pleaded complaint rule," removal is appropriate only where a federal question appears on the face of the complaint. *Franchise Tax Bd. of the State of Cal. v. Construction Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 9–12, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983); *accord In re U.S. Healthcare, Inc.*, 193 F.3d 151, 160 (3d Cir.1999); *Joyce v. RJR Nabisco Holdings Corp.*, 126 F.3d 166, 171 (3d Cir.1997); *Dukes v. U.S. Healthcare*, 57 F.3d 350, 353 (3d Cir.1995). "[W]here a plaintiff's complaint on its face states only state law causes of action, the fact that issues of federal law may be involved, as in the nature of a defense, will not suffice to create federal question jurisdiction." *Carrington v. RCA Global Communications, Inc.*, 762 F.Supp. 632, 636 (D.N.J.1991). This rule was designed to make the plaintiff "master of the claim." *Caterpillar Inc.*, 482 U.S. at 392, 107 S.Ct. 2425 (1987).

A narrow exception to this rule, however, exists. Congress may "completely pre-empt" an area of law, with the result that a claim which falls within the area is " 'necessarily federal in character.' " *In re U.S. Healthcare*, 193 F.3d at 160; *Dukes*, 57 F.3d at 354; *Joyce*, 126 F.3d at 171. Complete preemption is appropriate when federal law so completely preempts a cause of action that state law is "entirely displaced by federal law." *Joyce*, 126 F.3d at 171. When complete preemption occurs, the complaint need not satisfy the well-pleaded complaint rule. *Id.*

Under settled Third Circuit law, the doctrine of complete preemption applies only when two circumstances are present: (1) when the enforcement provisions of a federal statute create a federal cause of action vindicating the same inter-

est that the plaintiff's cause of action seeks to vindicate; and (2) when there is affirmative evidence of a congressional intent to permit removal despite the plaintiff's exclusive reliance on state law. *Allstate Ins. Co. v. 65 Sec. Plan,* 879 F.2d 90, 93 (3d Cir.1989); *Goepel v. National Postal Mail Handlers Union,* 36 F.3d 306, 311 (3d Cir.1994).

Defendants point to *Lenox Incorporated v. Reuben Smith Rubbish Removal,* 91 F.Supp.2d 743 (D.N.J.2000) to oppose Plaintiffs' motion to remand. Defendants' reliance on *Lenox* is misplaced. *Lenox* held that the plaintiff's state law claims of unjust enrichment and constructive trust were preempted by CERCLA. *Id.* at 753. Here, Plaintiffs do not make such claims. Defendants also erroneously rely upon *Allied Corporation v. Frola,* 1993 WL 388970 *14 (D.N.J. Sept.21, 1993). In *Allied,* the court held that section 113(f)(2) preempts the Spill Act to the extent that the Spill Act permits a contribution claim within the scope of the Administrate Consent Order. Since *Lenox* and *Allied* are distinguishable from this case, Defendants' reliance on these cases is misplaced because those cases cannot be read to support Defendants' proposition that CERCLA completely preempts Plaintiffs' state law claims.

In other words, the issue before this Court on Plaintiffs' motion to remand is complete preemption. Applying the above principal to this matter reveals that Congress did not affirmatively intend for CERCLA to completely preempt state remedies, and it did not intend to occupy the field. *See Exxon Corp. v. Hunt,* 475 U.S. 355, 376, 106 S.Ct. 1103, 89 L.Ed.2d 364 (1986); *Manor Care, Inc. v. Yaskin,* 950 F.2d 122, 125–27 (3d Cir.1991) (finding no conflict between CERCLA and cost recovery provisions of New Jersey Spill Compensation and Control Act). Accordingly, Defendants' complete preemption argument fails.

## CONCLUSION

Based upon the foregoing, it is the finding of this Court that Plaintiffs' motion to remand is **granted.** Accordingly, this matter is **remanded** to the Superior Court New Jersey, Law Division, Essex County. An order accompanies this opinion.

## ORDER

This matter comes before the Court upon a motion by Plaintiffs to remand. Pursuant to Federal Rule of Civil Procedure 78, no oral argument was heard. This Court having fully considered the submissions of the parties and the record before it; and for the reasons expressed in the opinion issued this same day;

IT IS ON THIS THE 5th DAY OF MAY 2001;

ORDERED that Plaintiffs' motion to remand is **granted;** it is

FURTHER ORDERED that this matter is **remanded** to the Superior Court New Jersey, Law Division, Essex County.