Penny FEUERZEIG, Plaintiff,

v.

INNOVATIVE COMMUNICATION CORP., Jeffrey Prosser, and Daily News Publishing Company, Defendants.

No. 01–0029–B/R.

District Court,
Virgin Islands,
D. St. Croix.

Nov. 19, 2001.

Lee J. Rohn, St. Croix, VI, for Plaintiff.

Henry C. Smock, St. Thomas, VI, for Defendant ICC.

Joel H. Holt, St. Croix, VI, for Defendant Prosser.

Kevin A. Rames, St. Croix, VI, for Defendant Daily News.

## OPINION ON MOTION TO REMAND

BROTMAN, District Judge, (Sitting by Designation).

Presently before the Court are Plaintiff Penny Feuerzeig's ("Feuerzeig") Motion to Remand this case to the Territorial Court of the Virgin Islands, Defendants Innovative Communications Corporation ("ICC") and Jeffrey Prosser's ("Prosser") Motion for Summary Judgment and to Dismiss Counts III and IV, and Defendant Daily News Publishing Company's ("Daily News") Motion for Summary Judgment and to Dismiss Counts II, III, and IV.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff was hired to work at The Daily News in February of 1974. (Pl.'s First Am. Compl. ¶ 8.) She received frequent promotions and pay raises throughout her employment, becoming managing editor in 1982, responsible for all news content and editorials, and becoming executive editor in 1987. (*Id.* ¶¶ 10–12.) On December 30, 1997, ICC acquired the Daily News Publishing Company which purchased The Daily News. (*Id.* ¶ 13.) In January of 1998, Prosser, the majority shareholder of ICC, met with Plaintiff and The Daily News staff. During this meeting, Prosser allegedly agreed that he:

a. Would not bring his own employees to the newspaper;

b. Would manage the newspaper in a hands-off capacity;

c. Would not be involved in the day-to-day operations of the newspaper;

d. Would implement a 401K and pension program;

e. Would maintain the editorial integrity and policies of the paper;

f. Would not use the paper to ensure that positive articles be written about him or Governor Schneider's administration;

g. Would not hamper the paper's ability to do in-depth stories on IDC benefits, including those related to Prosser's companies; and

h. Would not be involved in the editorial content of the paper.

(*Id.* ¶ 15.) Plaintiff claims that she agreed to remain with The Daily News in exchange for these promises made by Prosser. (*Id.*)

Despite the above agreement, Plaintiff alleges that Defendants substituted their own management team for the former management team. (*Id.* ¶ 18.) She asserts that Defendants, through various acts, destroyed the integrity and autonomy of the newspaper. For instance, Plaintiff claims that on January 12, 1998, Defendants required copies of all letters to the editor, guest editorials, and "Halos and Pitchforks" be sent to Defendants' agent, Ed Crouch ("Crouch"). (*Id.* ¶ 19.) On January 13, 1998, Plaintiff claims that Crouch sent her an editorial concerning Governor Schneider's state of the union message to be printed in the next day's paper. (*Id.* ¶ 21.) Even though a majority of the editorial board had already decided on a "more balanced" editorial, Defendants ordered their own editorial printed. (*Id.* ¶¶ 22–23.) Plaintiff asserts that on or about January 20, 1998, Defendants rejected certain political cartoons because they satirized Governor Schneider and his administration. (*Id.* ¶ 25.) On March 2, 1998, Plaintiff claims that Defendants required her to submit all opinion editorials a day in

advance for their approval. (*Id.* ¶ 27.) She also contends that Defendants "killed" an editorial because it was concerning a "'dear friend of Jeffrey Prosser.'" (*Id.* ¶ 30.) Finally, on May 29, 1998, Prosser allegedly wrote a critical editorial and required it be run as if it were written by the editorial board. (*Id.* ¶ 32.) Plaintiff asserts that the situation became so intolerable that she was forced to resign.

Based upon these allegations, Plaintiff commenced an action in the Territorial Court of the Virgin Islands, Division of St. Croix, on June 4, 1998, against Defendants ICC and Prosser. (Pl.'s Mot. to Remand to the Territorial Court of the Virgin Islands ("Mot. to Remand") at 1.) Plaintiff's complaint set forth seven causes of action: breach of employment agreements, constructive discharge, intentional infliction of emotional distress, negligent infliction of emotional distress, breach of promise to provide her with a 401K or pension plan, fraud and misrepresentation, and outrageous conduct sufficient for an award of punitive damages. (Pl.'s First Am. Compl. at Counts I–VII.) On February 1, 2001, the Territorial Court granted Plaintiff's Motion to Amend the Complaint to add Daily News as a defendant. (Mot. to Remand at 1.) On February 15, 2001, Daily News filed a Notice of Removal to the District Court of the Virgin Islands, Division of St. Croix. (Def. Daily News Publishing Company's Notice of Removal ("Notice of Removal.")) [1] Plaintiff subsequently filed a motion in this Court to remand the case to the Territorial Court of the Virgin Islands for lack of subject matter jurisdiction. Defendants ICC, Prosser, and Daily News filed motions for summary judgment and to dismiss which are also pending before this Court.

## II. DISCUSSION

An action may be removed to federal district court only if the district court would have had original jurisdiction over the action. *Shapiro v. Middlesex County Mun. Joint Ins. Fund,* 930 F.Supp. 1028, 1031 (D.N.J.1996) (citing 28 U.S.C. § 1441). Defendants assert that this Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331, which provides district courts with "original jurisdiction [over] all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Defendants set forth two arguments in support of their assertion that this matter may be removed to federal court. First, Defendants allege that the matter "arises under the Constitution" because Plaintiff's claims are "based upon the publishing of editorials and articles, which conduct is duly protected by the First Amendment to the United States Constitution regarding, *inter alia,* freedom of speech and freedom of the press." (Notice of Removal ¶ 2.) Defendants also contend that a governing federal statute, the Employee Retirement Income Security Act ("ERISA"), preempts Plaintiff's claim for breach of promise to provide a 401K and pension plan. (*Id.* ¶ 3.)

A federal court has jurisdiction under 28 U.S.C. § 1331 to hear, either originally or by removal, "only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation Trust for S. Cal.,* 463 U.S. 1, 27–28, 103 S.Ct. 2841, 77

---

**1.** Although the notice of removal was filed only by Defendant Daily News, Defendants ICC and Prosser have subsequently joined in opposition to Plaintiffs' motion to remand and thus the Court's references to "defendants" include Daily News, ICC, and Prosser.

L.Ed.2d 420 (1983); *see also Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987) (stating that federal jurisdiction is supported only when plaintiff's well-pleaded complaint raises issues of federal law on its face); *Joyce v. RJR Nabisco Holdings Corp.*, 126 F.3d 166, 171 (3d Cir.1997) ("[T]he 'well-pleaded complaint rule' requires that, for removal to be appropriate, a federal question must appear on the face of the complaint."). The "well-pleaded complaint rule" makes the plaintiff "master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caldwell Trucking PRP Group v. Caldwell Trucking Co., Inc.*, 154 F.Supp.2d 870, 875 (D.N.J.2001). Although the well-pleaded complaint rule allows the plaintiff to become "master" of his or her claim, a plaintiff may not defeat removal to a federal court by failing to plead necessary federal questions. *Id.* at 22, 103 S.Ct. 2841. When considering a motion to remand, "the removing party has the burden of establishing the propriety of the removal." *Gateway 2000, Inc. v. Cyrix Corp.*, 942 F.Supp. 985, 989 (D.N.J.1996); *Shapiro*, 930 F.Supp. at 1031. Furthermore, federal removal statutes "are to be strictly construed against removal and all doubts are to be resolved in favor of remand." *Boyer v. Snap–On Tools Corp.*, 913 F.2d 108, 111 (3d Cir.1990).

### A. "Arises Under" the Constitution

■ A federal court has jurisdiction over a claim that "arises under" the Constitution only if "a right or immunity created by the Constitution or laws of the United States [is] an element, and an essential one, of the plaintiff's cause of action." *Franchise*, 463 U.S. at 10–11, 103 S.Ct. 2841 (quoting *Gully v. First Nat'l Bank*, 299 U.S. 109, 112, 57 S.Ct. 96, 81 L.Ed. 70 (1936)). Defendants argue that the complaint raises First Amendment issues on its face because the First Amendment guarantees freedom of the press which is challenged by Plaintiff's claims. The relevant inquiry, however, is not whether Plaintiff's claims challenge the First Amendment, but whether the First Amendment is an essential element of Plaintiff's cause of action. Plaintiff does not allege that Defendants interfered with her constitutional rights to freedom of the press or speech, and her claim does not require a determination as to whether her First Amendment rights were violated. Neither the Constitution nor the laws of the United States are an essential element to any of Plaintiff's seven causes of action. Six of the claims originate under common law, and the constructive discharge claim derives from the Virgin Islands Wrongful Discharge Act ("WDA"). V.I. CODE ANN. tit. 24, § 76 (2000).

■ Defendants further contend that when a former editor asks a court to find the owner and publisher of a newspaper liable for printing their views and not hers, it is necessary to construe the First Amendment. Defendants assert that Plaintiff's complaint implies that she is entitled to decide the newspaper's editorial content without interference from Defendants, thereby affecting their right to freedom of the press. A federal defense, however, is not sufficient to defeat a state law claim. *Gateway*, 942 F.Supp. at 990 (citing *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 809 n. 6, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986)). Plaintiff in no way claims that Defendants interfered with her constitutional rights. Rather, Defendants are the only ones asserting First Amendment rights. In their brief, Defendants ICC and Prosser state that Plaintiff "raised an issue that affects *the defendants'* exercise of their First Amendment rights ...." (Opp'n By ICC and Prosser to Pl.'s Mot. to Remand for Lack

of Subject Matter Jurisd. at 10) (emphasis added). Defendant Daily News states in its brief that Plaintiff is asking the Court "to violate *the Daily News'* First Amendment protections." (Def. Daily News' Opp'n to Pl.'s Mot. to Remand at 11) (emphasis added). It is well-settled that "an action is not removable to a Federal court when the Federal question is a defense which appears only in the answer or the petition for removal." *Gateway,* 942 F.Supp. at 996 (citing *Franchise Tax Bd.,* 463 U.S. at 14, 103 S.Ct. 2841). Moreover, "a defendant may not remove a case to federal court unless the *plaintiff's* complaint establishes that the case 'arises under' federal law." *Franchise,* 463 U.S. at 10, 103 S.Ct. 2841. Plaintiff's complaint does not allege any claims which "arise under" the First Amendment and thus the case cannot be removed to federal court on this ground.

### B. ERISA Preemption

■ Although the "well-pleaded complaint" rule generally applies to determine whether a federal court has jurisdiction over a case, there is an exception to this rule in which Congress may "so completely preempt a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Metropolitan,* 481 U.S. at 63–64, 107 S.Ct. 1542. To determine whether this exception applies and whether removal is appropriate, it is necessary to understand the distinction between the doctrines of complete preemption and ordinary preemption. Complete preemption only occurs when federal law "so completely preempts an entire area of law that the state cause of action is entirely displaced by the federal law." *Joyce v. RJR Nabisco Holdings Corp.,* 126 F.3d 166, 171 (3d Cir.1997). If complete preemption applies, a district court has removal jurisdiction even if the "well-pleaded complaint" rule is not satis-

fied. *Id.* Ordinary preemption, on the other hand, is merely a defense to a state law cause of action and does not form the basis for removal jurisdiction. *Id.*

■ The Third Circuit, in *Joyce v. RJR Nabisco Holdings Corp.,* 126 F.3d 166 (3d Cir.1997), held that the district court's utilization of § 514(a) of ERISA as a basis for complete preemption was erroneous. Section 514(a) preempts "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). The court held that "ERISA preemption under § 514(a), standing alone, does not, contrary to the district court's reasoning, create federal removal jurisdiction over a claim pled under state law in state court." *Id.* at 171. The court went on to hold that "[o]nly state claims that come within ERISA's civil enforcement provisions in § 502(a) are completely preempted such that removal to a federal court is appropriate." *Id.* Thus, state law claims that fall outside the scope of § 502, even if they would otherwise be preempted by § 514(a), "are still governed by the well-pleaded complaint rule, and therefore, are not removable under the complete preemption principles . . . ." *Id.* at 172.

■ The relevant inquiry then becomes whether Plaintiff's claim, alleging breach of promise to provide a 401K and pension plan, comes within the scope of ERISA § 502. The statute explicitly enumerates the parties entitled to seek relief under § 502(a), which includes participants, beneficiaries, and fiduciaries. 29 U.S.C. § 1132(a). Accordingly, "a federal court has no jurisdiction to hear a civil action under ERISA that is brought by a person who is not a 'participant, beneficiary, or fiduciary.'" *Harris v. Provident Life and Acc. Ins. Co.,* 26 F.3d 930, 933 (9th Cir.1994). In *Michigan Affiliated*

*Healthcare System, Inc. v. CC Systems Corporation of Michigan,* 139 F.3d 546 (6th Cir.1998), the Sixth Circuit held that § 502 "preempts state claims by 'participants or beneficiaries' to enforce certain rights guaranteed by ERISA. Claims by anyone other than a 'participant or beneficiary,' however, fall outside the scope of ERISA's civil enforcement section." *Id.* at 550 (holding that the district court did not have jurisdiction and remanding the matter to state court). The determination of whether a person is a plan participant is made at the time of the filing of the lawsuit. *Id.* At the time this suit was filed, Plaintiff was a former employee of the Daily News. As such, she is only a plan participant if she has "a reasonable expectation of returning to covered employment or [has] a colorable claim to vested benefits." *Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989) (internal quotations omitted).

In *Minker v. HSB Industrial Risk Insurers,* 2000 WL 291542 (D.Del. March 14, 2000), plaintiff sued his employer because he did not receive enhanced severance benefits under a plan that was instituted by the employer several weeks after he resigned. *Id.* at *1. The court held that "[p]laintiff could not properly assert a claim under § 502(a) because he is not and never was a 'participant' in [the plan]." *Id.* at *3 n. 2 (holding that there was no federal question removal jurisdiction under the complete preemption exception to the well-pleaded complaint rule). Similarly, Plaintiff in the present case is not entitled to seek relief under § 502(a) because plan benefits were not extended to Daily News' employees until after Plaintiff left their employment and thus she was never a "participant" in the plan. Defendants assert that this is an ERISA claim because ICC always had a 401K plan for all employees prior to purchasing Daily News in 1997, and these benefits were extended to Daily News employees on January 1, 2000, made retroactive to January 1, 1998. Daily News claims that when they became a defendant in February 2001, they had a pension plan which covered the time period when Plaintiff was employed. These assertions, however, do not refute the fact that Plaintiff was never a participant or beneficiary in a 401K or pension plan instituted by Defendants. Although the plan was made retroactive to a time during which Plaintiff was employed by Daily News, she never participated in the plan because she was not an employee at the time it was enacted and was no longer eligible to receive benefits under the plan. Defendants failed to prove that Plaintiff participated in the plan or had any "vested benefits" under the plan. *See e.g., Harris,* 26 F.3d at 933. Therefore, Plaintiff does not fall within the civil enforcement provision of § 502 and her claim for breach of promise to provide a 401K or pension plan is not "completely" preempted.

■ Furthermore, Plaintiff's complaint merely sets forth a cause of action for breach of an alleged promise to provide a plan. She is not asserting a claim to enforce or clarify the terms of a 401K or pension plan. Plaintiff is not attempting to recover benefits due to her under a plan, but is simply asserting a claim for damages as a result of this alleged breach of an agreement. Plaintiff's claim for breach of promise to provide a 401K or pension plan does not establish an enforceable ERISA action. *See e.g., Minker,* 2000 WL 291542 at *3. There is no complete preemption of Plaintiff's claim and no basis for removal to federal court. Therefore, Plaintiff's motion is granted and the matter must be remanded to the Territorial Court of the Virgin Islands.

## III. CONCLUSION

For the reasons stated herein, Plaintiff Feuerzeig's Motion to Remand this case to the Territorial Court of the Virgin Islands is GRANTED. As it has been determined that the Court does not have jurisdiction over this case, Defendants ICC, Prosser, and Daily News' pending Motions for Summary Judgment and to Dismiss are likewise remanded to the Territorial Court for appropriate further proceedings.