**LOWER LOVE S.S., INC. and RAMEZ DAWOD, Plaintiffs**
**v.**
**GINSENG UP CORP. and MICHAEL A. SIMMONDS CO., Defendants**

Civil No. 2006-93

District Court of the Virgin Islands

Division of St. Croix

December 19, 2008

938

PAMELA COLON, ESQ., St. Croix, USVI, *For the Plaintiffs.*

JOHN SOPUCH, ESQ., St. Croix, USVI, *For the defendant Ginseng Up Corp.*

BRITAIN BRYANT, ESQ., St. Croix, USVI, *For the defendant Michael A. Simmonds Co.*

GÓMEZ, *Chief Judge*

## MEMORANDUM OPINION

(December 19, 2008)

Before the Court is the motion of Defendant Michael A. Simmonds Co. ("MASCO") to dismiss the complaint of Ramez Dawod ("Dawod") and Lower Love S.S., Inc. ("Lower Love") for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).

### I. Facts

In March, 2006, Dawod contacted Ginseng Up Corp. ("Ginseng Up") to become the exclusive distributor of Ginseng Up products on St. Croix.

Ginseng Up initially informed Dawod that MASCO was the exclusive distributor for the Virgin Islands. Thereafter, however, Ken Weinstein, Ginseng Up Marketing Manager, told Dawod that MASCO was the exclusive distributor for St. Thomas only. On or about March 27, 2006, Dawod entered into a Protected Area Agreement ("the Agreement") with Ginseng Up to become the exclusive distributor of Ginseng Up products on St. Croix. Pursuant to the Agreement, Dawod was required to pay a distribution fee to purchase 120 cases of Ginseng Up beverages. Consistent with that requirement, Dawod placed an order for 120 cases.

On March 29, 2006, Dawod received a call from MASCO regarding the beverages that Dawod wanted to purchase. MASCO indicated that it was calling to take Dawod's order for the Ginseng Up beverages. Dawod informed MASCO of the Agreement and told MASCO that he would purchase the beverages directly from Ginseng Up. Dawod ordered and paid for the beverages from Ginseng Up and made arrangements for shipment of the beverages to St. Croix. However, Ginseng Up refused to ship the beverages to St. Croix, claiming that MASCO was the distributor for the Virgin Islands. During this time, MASCO continued to sell Ginseng Up beverages in St. Croix.

On July 18, 2006, Dawod, on behalf of Lower Love and himself, filed a complaint against Ginseng Up and MASCO, alleging breach of contract, breach of good faith and fair dealing, tortious interference with contract, tortious interference with prospective economic advantage, fraud and misrepresentation, violation of unfair trade practice under 12A V.I.C. § 101, and violation of 15 U.S.C. § 3 (the "Sherman Act").

Thereafter, MASCO moved to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). MASCO argues that the violation of Section 3 of the Sherman Act alleged in the complaint is a criminal matter that is not properly before this Court. Thus, MASCO claims that the complaint does not allege a federal question.

## II. Discussion

A federal court has original jurisdiction to hear "only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Feuerzeig v. Innovative Communication Corp.*, 174 F. Supp. 2d 349, 352 (D.V.I. 2001) (citing *Franchise Tax Bd. Of State of Cal. v. Construction Laborers*

*Vacation Trust for S. Cal.,* 463 U.S. 1, 27-28, 103 S. Ct. 2841, 77 L. Ed. 2d 420 (1983)).

■ "When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff must bear the burden of persuasion." *Hedges v. United States,* 404 F.3d 744, 750 (3d Cir. 2005); *see also Carpet Group Intern. v. Oriental Rug Importers Ass'n, Inc.,* 227 F.3d 62, 69 (3d Cir. 2000) (stating that the burden of proving the existence of subject matter jurisdiction lies with the plaintiff).

■ There are two types of 12(b)(1) motions, (1) those that attack the complaint on its face, and (2) those that "attack the existence of subject matter jurisdiction in fact, quite apart from any pleading." *Mortensen v. First Federal Sav. & Loan Ass'n,* 549 F.2d 884, 891 (3d Cir. 1977). The allegations in the complaint are taken as true in a facial attack. *Mortensen,* 549 F.2d at 891. A facial attack on jurisdiction is directed at the sufficiency of the pleading as a basis for subject matter jurisdiction. *Turicentro, S.A. v. American Airlines, Inc.,* 303 F.3d 293, 300 n. 4 (3d Cir. 2002) (citing *NE Hub Partners, L.P. v. CNG Transmission Corp.,* 239 F.3d 333, 341 n. 7 (3d Cir. 2001)). When there is a facial attack, the court only considers the allegations of the complaint and documents referenced in and attached to the complaint in the light most favorable to the plaintiff. *Gould Electronics Inc. v. United States,* 220 F.3d 169, 176 (3d Cir. 2000).

■ "The factual attack, however, differs greatly for here the trial court may proceed as it never could under 12(b)(6) or FED. R. CIV. P. 56." *Mortensen,* 549 F.2d at 891. In a factual attack, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the court from evaluating for itself the merits of jurisdictional claims." *Id.*

■ The Court may dismiss a claim under Rule 12(b)(1) only where it "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or . . . is wholly insubstantial and frivolous." *Bell v. Hood,* 327 U.S. 678, 682, 66 S. Ct. 773, 90 L. Ed. 939 (1946); *see also, Oneida Indian Nation v. County of Oneida,* 414 U.S. 661, 666, 94 S. Ct. 772, 39 L. Ed. 2d 73 (1974) (the federal claim must be "so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy"). "The threshold to withstand a motion to dismiss under [Rule] 12(b)(1) is . . . lower than that required to withstand a Rule 12(b)(6) motion." *Lunderstadt v. Colafella,* 885 F.2d 66, 70 (3d Cir. 1989).

## III. Analysis

■ MASCO argues that Section 3 of the Sherman Act is a criminal statute and therefore the complaint fails to raise a proper federal question. This argument presents a facial attack on Dawod's complaint because it challenges the sufficiency of the pleadings in the complaint as a basis for subject matter jurisdiction. Therefore, the allegations raised in the complaint must be taken as true, and the court will only consider the allegations in the complaint. *See Turicentro*, 303 F.3d at 300 n. 4 (noting that "[f]acial attacks, like this one, contest the sufficiency of the pleadings, and the trial court must accept the complaint's allegations as true"); *see also Mortensen*, 549 F.2d at 891 (concluding that in a facial attack, the court must consider the allegations of the complaint as true).

■ The question, then, is whether the allegations in the complaint, taken as true, raise a federal question.[1] "The most straightforward test of whether an action presents a federal question is to determine the law from which the cause of action arises, federal or otherwise." *Club Comanche, Inc. v. Government of Virgin Islands*, 278 F.3d 250, 259 (3d Cir. 2002). Where a violation of a federal statute is raised on the face of the complaint, federal question jurisdiction is established. *See, e.g., Growth Horizons, Inc. v. Delaware County, Pa.*, 983 F.2d 1277, 1281 (3d Cir. 1993) (finding federal question jurisdiction "where a plaintiff . . . makes a non-frivolous allegation that . . . the defendant's conduct violated a federal statute"); *Bluebeard's Castle, Inc. v. Government of the Virgin Islands*, 321 F.3d 394, 402 (3d Cir. 2003) (finding federal question jurisdiction where the plaintiff's complaint alleged a violation of a federal statute).

---

[1] It is noteworthy that the majority of cases arising under Sections 1 and 2 of the Sherman Act dealing with a motion to dismiss for lack of subject matter jurisdiction focus on whether the plaintiff has alleged a nexus with interstate commerce. *See Mortensen*, 549 F.2d 884 ("Subject matter jurisdiction in a Sherman Act claim is based on a finding either that the conduct in question is itself in interstate commerce or that whether or not the conduct is in interstate commerce it nevertheless substantially affects interstate commerce."). However, it is not necessary for Dawod to allege a nexus with interstate commerce here. While Sections 1 and 2 regulate interstate commerce pursuant to Congress' power under the Commerce Clause of the Constitution, U.S. CONST. art. 1, § 8, cl. 3, Section 3 regulates commerce in the United States territories pursuant to Congress' power to enact legislation for the territories. U.S. CONST. art. 4 § 3, cl. 2; *see also Norman's on the Waterfront, Inc. v. Wheatley*, 8 V.I. 69, 317 F. Supp. 247, 252 (D.V.I. 1970).

■ Here, Dawod's complaint alleges that Dawod had an agreement with Ginseng Up. Pursuant to that agreement, Ginseng Up awarded an exclusive dealership of its products in St. Croix, U.S. Virgin Islands, to Dawod. Notwithstanding that agreement, MASCO allegedly interfered with Dawod's exclusive dealership by selling Ginseng Up products on St. Croix. Dawod also alleges that MASCO and Ginseng Up combined to discontinue supplying Dawod with Ginseng Up products in an effort to allow MASCO to have a monopoly on the sale of those products in the U.S. Virgin Islands. Dawod alleges that such combination constitutes an illegal restraint of trade under the Sherman Act.[2]

■ Under the Sherman Act, a civil action may be maintained against a person who combines to restrain trade. *See, e.g., Continental T.V., Inc., v. GTE Sylvania Inc,* 433 U.S. 36, 97 S. Ct. 2549, 53 L. Ed. 2d 568 (1977) (reviewing a case in which a franchisee challenged the actions of a manufacturer, claiming they were in violation of the Sherman Act). In pertinent part, the Sherman Act provides, "[e]very contract, combination in form of trust or otherwise, or conspiracy, in restraint of trade or commerce in any Territory of the United States . . . is declared illegal. . . ." 15 U.S.C. § 3.

■ The Sherman Act further provides:

[A]ny person who shall be injured in his business or property by reason of anything forbidden in the antitrust laws may sue therefor in any district court of the United States in the district in which the defendant resides or is found or has an agent, without respect to the amount in controversy, and shall recover threefold the damages by him sustained, and the cost of suit, including a reasonable attorney's fee. . . .

15 U.S.C. § 15. As a general rule, a civil antitrust violation may be established by proof of an agreement and either (1) an unlawful purpose, or (2) an anticompetitive effect. *See United States v. United States Gypsum Co.,*

---

[2] Dawod mistakenly refers to section 3 of the Sherman Act, which does not correlate with his claim, rather than section 15, which does. However, this fact is not controlling. *See Boarhead Corp. v. Erickson,* 923 F.2d 1011, 1018 (3d Cir. 1991) (stating that "[a] reference to the wrong statute will be corrected by the court if it can determine the appropriate statute or jurisdictional source from the complaint."); *Club Comanche,* 278 F.3d at 259 (stating that "[a] plaintiff's lack of reference, or erroneous reference to federal law is not controlling.") Rather, the correct test is whether the complaint, on its face, raises a federal question. *See Feuerzeig,* 174 F. Supp. 2d at 352.

438 U.S. 422, 436 n. 13, 98 S. Ct. 2864, 57 L. Ed. 2d 854 (citing *United States v. Container Corp.,* 393 U.S. 333, 337, 89 S. Ct. 510, 21 L. Ed. 2d 526 (1969)); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S. Ct. 1955, 1961, 167 L. Ed. 2d 929 (2007).

 Here, Dawod asserts that Ginseng Up and MASCO had some kind of agreement or understanding to keep Lower Love out of the Ginseng Up market on St. Croix. Dawod also alleges that MASCO's actions resulted in Lower Love, a competitor in the soda market, being excluded from the Ginseng Up market on St. Croix. Finally, Dawod has pled that he and Lower Love suffered "loss of reputation, loss of profits, and other pecuniary damages." (Compl. ¶ 168.) The Court finds that those allegations are non-frivolous.

 On its face, Dawod's complaint alleges a violation of the Sherman Act. Accordingly, the Court finds that Dawod's allegations are sufficient to establish subject matter jurisdiction. *See, e.g., Growth Horizons, Inc. v. Delaware County, Pa.,* 983 F.2d 1277, 1281 (3d Cir. 1993) ("A district court has federal question jurisdiction in any case where a plaintiff . . . makes a non-frivolous allegation that he or she is entitled to relief because the defendant's conduct violated a federal statute").

 Under Title 28, section 1367 of the United States Code, if a district court has subject matter jurisdiction over a party's federal claim, it may also have supplemental jurisdiction over his territorial law claims. Section 1367 provides that,

> the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367(a). Supplemental jurisdiction over a non-federal claim is proper where there is a "common nucleus of operative fact between the state claim at issue and the accompanying federal claims." *Ambromovage v. United Mine Workers of America,* 726 F.2d 972, 990 (3d Cir. 1984). Here, the non-federal claims alleged by Dawod grew out of the dealings between the parties with respect to sales of Ginseng Up's product. Those dealings also form the basis of the antitrust claim. Accordingly, this Court has jurisdiction over the non-federal claims as well.

## IV. Conclusion

For the foregoing reasons, MASCO's motion to dismiss for lack of subject matter jurisdiction will be denied. An appropriate order will follow.