GROUP HOSPITALIZATION AND MEDICAL SERVICES, d/b/a Care-First Blue Cross Blue Shield, Plaintiff,

v.

MERCK–MEDCO MANAGED CARE, LLP, Paid Prescriptions, LLC, and National RX, Inc., Defendants.

Civil No. 03–3993 (JBS).

United States District Court, D. New Jersey.

Dec. 15, 2003.

---

Steven J. Fram, Esquire, Joseph A. Martin, Esquire, Archer & Greiner, Haddonfield, NJ, and W. Scott Simmer, Esquire, Kathleen D. Pitzer, Esquire, Robins, Kaplan, Miller & Ciresi, LLP, Washington, D.C., for Plaintiff.

Michael J. Vassalotti, Esquire, Brown & Connery, LLP, Westmont, NJ, and James P. Tallon, Esquire, Tammy P. Bieber, Esquire, Shearman & Sterling, LLP, New York, NY, for Defendants.

## OPINION

SIMANDLE, District Judge.

It is well-established that solely state law causes of action are nonetheless preempted by the Employee Retirement Income Security Act ("ERISA") and subject to the exclusive jurisdiction of the federal court if the cause of action falls within the scope of ERISA's civil enforcement provision, ERISA § 502(a), 29 U.S.C. § 1132(a). The issue presented here is whether the state law fiduciary duty claims of a plaintiff who administers ERISA employee benefit plans in which it alleges that the defendants breached their fiduciary duties to plaintiff by failing to perform functions imposed by their contractual agreements are completely preempted as

ERISA fiduciary duty claims pursuant to ERISA § 502(a)(2), when neither party asserts that the defendants are ERISA fiduciaries and when the claims focus on defendants' alleged breach of ministerial tasks imposed by their agreements.

For the following reasons, the Court finds that these claims are not completely preempted by ERISA and that, therefore, they do not provide this Court with federal jurisdiction. Accordingly, this Court will grant the plaintiff's motion to remand this action to state court.

## I. BACKGROUND

This matter involves the contractual relationship between plaintiff Group Hospitalization and Medical Services, d/b/a CareFirst Blue Cross Blue Shield ("CareFirst"), and defendants Merck–Medco Managed Care ("Medco"), PAID Prescriptions, and National Rx from 1991 through 1999. CareFirst, one of three wholly-owned affiliates of CareFirst, Inc., an independent, not-for-profit company that provides health care and related services to nearly 3.2 million members in Maryland, Virginia, Delaware and the District of Columbia, (Complaint ¶ 8), entered the first contract with Medco in 1991 in an effort to contain its drug benefit costs. Medco, a pharmacy benefit management company which provides prescription drug benefit management services to "more than 65 million plan beneficiaries" through a retail pharmacy service managed by PAID Prescriptions and a mail-order pharmacy service managed by National Rx, (id. ¶¶ 9–11), represented that it could "manage CareFirst's cost of providing prescription drug benefits," (id. ¶¶ 17–19).

The parties entered their first agreement in 1991, (id. ¶ 15), then agreed to an Addendum to the agreement in 1994, to an Integrated Prescription Drug Program Master Agreement in 1995, and to four amendments to the Integrated Prescription Agreement between 1996 and 1999, (id. ¶¶ 15–16). The term of the agreements ended on December 31, 1999. (Id. ¶ 16.)

Under the agreements, Medco agreed to reduce CareFirst's costs by, among other things, ensuring specified drug pricing, (id. ¶¶ 21–27), utilizing drug switching from certain "target" drugs to therapeutically equivalent "preferred" drugs, (id. ¶¶ 28–31), substituting generic drugs when authorized, (id. ¶ 43–44), passing through to CareFirst one-hundred percent of rebates received from manufacturers for drugs dispensed through CareFirst's program, (id. ¶¶ 32–34), and complying with certain contractually-specified "performance standards" regarding the handling and processing of identity cards, payments, management reports, and customer service telephone calls, (id. ¶¶ 37–39).

CareFirst filed the present complaint on August 22, 2003 in the New Jersey Superior Court, Camden County, alleging that it has learned since the expiration of its agreements with Medco, that Medco did not comply with the terms of their agreements, (id. ¶¶ 5, 7), but had instead "charged CareFirst for brand drugs where cheaper, approved generic substitutes were available," (id. ¶ 46), "regularly and systematically overbilled CareFirst for reimbursement for drugs dispensed through its Mail Program at rates other than those specified in the Agreement," (id. ¶ 58), retained "substantial monies which should have been due to CareFirst" from manufacturer rebate agreements, (id. ¶ 64), "used its switch program to shift cost-effective, initially-prescribed products to more expensive Merck products," (id. ¶ 73), allowed "unauthorized switches based on approval received from nurses and receptionists" rather than from physicians as required, (id. ¶ 79), and did not

comply with certain "performance standards," (*id.* ¶¶ 87–92). CareFirst's complaint includes eight state law causes of action, and explicitly states that "[n]o ERISA-based allegations are made in this complaint and none of the causes of action asserted herein are premised on ERISA." (*Id.* ¶ 3.) [1]

Defendants removed the lawsuit from state court on August 22, 2003, asserting that plaintiff's breach of fiduciary duty state law claims are completely preempted by ERISA section 502(a)(2) because they fall within the scope of ERISA's fiduciary duty provision. (Notice of Removal ¶¶ 3–4.)

Plaintiff then filed the present motion to remand on October 14, 2003, asserting that the defendants "have no valid basis for removing this action to federal court" because their claims are state law claims and are not subject to ERISA's complete preemption provision because defendants have long asserted that they are not ERISA fiduciaries and, therefore, cannot be charged with an ERISA fiduciary duty claim. (Pl. Br. at 4–6.)

The Court heard oral argument on November 13, 2003 and defendants reinforced their long-standing position that they are not ERISA fiduciaries. They assert, though, that the claims against them are still completely preempted by ERISA because plaintiff has included allegations which, if true, would classify them as performing the functions of ERISA fiduciaries.

This Court has considered the positions of the parties and finds, for the following reasons, that defendants have not established that this Court has federal question jurisdiction. Instead, the Court finds that federal question jurisdiction here is, at best, doubtful because neither party asserts that the plaintiff could sustain ERISA section 502(a)(2) claim. Therefore, this Court will grant plaintiff's motion to remand this matter to New Jersey Superior Court.

## II. DISCUSSION

### A. Burden of Proof

■ The burden of proof is essential to the determination of this motion, as it is defendants' burden, as the party which removed this action to federal court, to establish that federal jurisdiction exists. *See Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir.1990). The Third Circuit has counseled that any doubts as to jurisdiction upon removal "should be resolved in favor of remand." *Id.* (quoting *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987)). A plaintiff's motion to remand, thus, "effectively forces defendant—the party who invoked the Federal Court's removal jurisdiction—to prove whatever is necessary to support the petition, e.g., the existence of diversity, the amount in controversy or the federal nature of the claim." *Wuerl v. Int'l Life Science Church*, 758 F.Supp. 1084, 1086 (W.D.Pa. 1991). Any doubts as to whether the fed-

---

**1.** CareFirst also asserts that the causes of action asserted in their complaint are "unrelated to the ERISA-based cases" which are consolidated in the currently-pending Multi-District Litigation, *In re Medco Health Solutions, Inc., Pharmacy Benefits Management Litigation*, MDL–1508 (SDNY). (Complaint ¶ 3.) Defendants, though, argue that "the allegations of plaintiff's complaint overlap significantly with the claims asserted in the various constituent cases in *In re Medco Health Solu-*

*tions, Inc. Pharmacy Benefits Management Litigation.*" (Def. Br. at 6.)

The Judicial Panel on Multidistrict Litigation issued a conditional transfer order to the Southern District of New York on September 26, 2003 for its consideration with the multidistrict litigation pending there. (Def. Br. at 6.) A class action settlement was preliminarily approved on July 31, 2003 in the multidistrict case. . (*Id.* at 13–17.)

eral court has jurisdiction must be resolved in favor of remand because "lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile." *Brown v. Francis,* 75 F.3d 860, 864–65 (3d Cir.1996).

■ In this case, defendants assert that federal jurisdiction is based on complete preemption under ERISA, an exception to the general "well-pleaded complaint" rule which provides that federal question jurisdiction exists only when an issue of federal law appears on the face of a complaint.[2] *Pryzbowski v. U.S. Healthcare, Inc.,* 245 F.3d 266, 271 (3d Cir.2001). Complete preemption applies when Congress so pervasively occupies a particular field that any complaint that comes within the scope of the federal cause of action is deemed to "arise under" federal law and provide the court with federal question jurisdiction. *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987); *Pryzbowski,* 245 F.3d at 271 (quoting *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for S. Cal.,* 463 U.S. 1, 24, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)).

Here, the parties agree that plaintiff has solely alleged state law causes of action in its complaint. Defendant, though, asserts that its state law breach of fiduciary duty claim, even though plead as a state law cause of action, provides a basis for federal jurisdiction because it is completely preempted by the civil enforcement provisions of ERISA section 502(a).

Whether the claim is completely preempted by ERISA, thus, is a jurisdictional issue before the Court, for which the removing party bears the burden of proof. Here, the removing party has not borne this burden of proving that the plaintiff's state law claims are within the federal

question jurisdiction of this Court, as discussed next.

**B.   *Analysis***

Defendants assert that this Court has federal question jurisdiction over plaintiff's fiduciary duty claims because they fall within the scope of section 502(a)(2) of ERISA's civil enforcement provision, which provides:

> A civil action may be brought ... by the Secretary, or by a participant, beneficiary or fiduciary for appropriate relief under section 1109 of this title.

29 U.S.C. § 1132(a)(2). Section 1109, referenced in section 502(a)(2) provides:

> Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary.

29 U.S.C. § 1109(a).

■ The Court, though, finds that jurisdiction pursuant to these provisions is questionable because ERISA makes clear that the status of the parties is essential to an ERISA fiduciary duty claim while here, both parties assert that the defendant does not have the requisite status, and because the statute provides that a defendant can undertake certain ministerial actions with respect to an employee benefit plan and not achieve fiduciary status while here, plaintiff has based its allegations on defendants' alleged breach of certain ministerial

---

**2.**   All parties agree that there is no diversity of citizenship here, so that federal jurisdiction, if

it exists, must be based on federal question jurisdiction under ERISA.

duties required by their contracts. These doubts about this Court's jurisdiction must be resolved in favor of remand.

The fundamental jurisdictional issue here is that ERISA requires that section 502(a)(2) actions be asserted against ERISA fiduciaries, and neither party asserts that defendants are ERISA fiduciaries. Indeed, the "threshold question" to consider when determining whether a claim fits within ERISA section 502(a)(2), and is thus preempted, is whether the defendant is an ERISA fiduciary. *See Mulder v. PCS Health Sys., Inc.*, 216 F.R.D. 307, 312 (D.N.J.2003) (citing *In re Unisys Corp. Retiree Med. Benefit ERISA Litig.*, 57 F.3d 1255, 1265 (3d Cir.1995)). A plaintiff cannot assert an ERISA fiduciary duty claim unless it asserts the claim against an ERISA fiduciary. *Id.*

Here, defendants have fervently denied that they are ERISA fiduciaries; they have consistently argued to this Court,[3] and represented in the press[4] and in internal documents,[5] that they are *not* ERISA fiduciaries. Plaintiff has likewise asserted that defendants are not ERISA fiduciaries and that it, therefore, has not asserted ERISA claims against them. (*See* Complaint ¶ 3; Pl. Br. at 7.) Without an ERISA fiduciary as a defendant, this Court lacks jurisdiction over the case.

Defendants assert, though, that plaintiff, in spite of its representations to the Court that it does not seek damages from defendants as ERISA fiduciaries, has nevertheless asserted claims against defendants as ERISA fiduciaries by alleging that it "granted Medco discretionary authority and/or control over the management and disposition of its assets," (Complaint ¶¶ 5, 102), "entrusted the management of its plans to Medco and granted Medco discretionary authority and/or control over the management or disposition of its assets," (*id.* ¶¶ 93, 101), and "entrusted the administration of its plans and its customers' plans, as well as such plans' assets to Medco," (*id.* ¶ 120).

The Court recognizes that this "discretionary authority" language mirrors that contained in ERISA's definition of a "fiduciary with respect to a plan," which provides that an entity is a "fiduciary with respect to a plan" to the extent that it:

(i) exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets ... [or]

(iii) has any discretionary authority or discretionary responsibility in the administration of such plan.

---

3. *See* Def. Br. at 8 (stating that "Medco ... denies that it was an ERISA fiduciary").

4. *See* Pl. Br., Ex. A, *Drug Middlemen Are Facing Pressure Over Rising Prices*, N.Y. Times, Jan. 5, 2002, at 2 (quoting Medco as stating that "[w]e are not a fiduciary under ERISA, and we don't claim to be"); *id.*, Ex. B, *Need for PBM Firewalls Comes Tumbling Down*, Employee Benefit News, Mar. 1, 2002, at 1 (explaining that "[t]he PBMs have consistently asserted that they are not ERISA fiduciaries"). The press explained that pharmacy benefit managers, such as Medco, "insist that ERISA does not apply to them because they make their financial arrangements with the drug manufacturers on their own, not, they

say, as agents of employer drug plans," and because while it "make[s] the formulary recommendations ... the plans always retain final authority and approval." (*Id.*, Ex. A, *Drug Middlemen* at 2; *id.*, Ex. B, *PBM Firewalls* at 1.)

5. *See* Pl. Br., Ex. C, Merck & Co. SEC Form 10–K, Mar. 21, 2002 at Part I, Item 3 (stating that "Merck–Medco is not a 'fiduciary' within the meaning of ERISA"); *id.*, Ex. D, Merck & Co. Form 10–Q, Nov. 13, 2002 at Part I, Item 3 (stating that "Medco Health is not a 'fiduciary' within the meaning of ERISA"); *id.*, Ex. E, Merck & Co. Form 10–Q, May 14, 2003 at Part I, Item 3 (same).

ERISA § 3(21)(A); 29 U.S.C. § 1002(21)(A). However, the Court finds that plaintiff's allegation that defendants had discretion in certain matters does not provide the Court with jurisdiction over the claims actually pled in this matter.

A review of the Complaint in its entirety shows that plaintiff, in essence, is seeking relief because defendants breached ministerial functions imposed by their contracts. A defendant who performs "ministerial functions," though, is not an ERISA fiduciary. 29 C.F.R. § 2509.75–8 provides that an entity is not a fiduciary if it has:

no power to make any decisions as to plan policy, interpretations, practices or procedures, but perform[s] the following administrative functions for an employee benefit plan, within a framework of policies, interpretations, rules, practices and procedures made by other persons, fiduciaries with respect to the plan:

(1) Application of rules determining eligibility for participation or benefits;

(2) Calculation of services and compensation credits for benefits;

(3) Preparation of employee communications material;

(4) Maintenance of participants' service and employment records;

(5) Preparation of reports required by government agencies;

(6) Calculation of benefits;

(7) Orientation of new participants and advising participants of their rights and options under the plan;

(8) Collection of contributions and application of contributions as provided in the plan;

(9) Preparation of reports concerning participants' benefits;

(10) Processing of claims; and

(11) Making recommendations to others for decisions with respect to plan administration.

Only persons who perform one or more of the functions described in section 3(21)(A) of the Act with respect to an employee benefit plan are fiduciaries .... a person who performs purely ministerial functions such as the types described above for an employee benefit plan ... is not a fiduciary because such person does not have discretionary authority or discretionary control respecting management of the plan, does not exercise any authority or control respecting management or disposition of the assets of the plan, and does not render investment advice with respect to any money or other property of the plan and has no authority or responsibility to do so.

*Id.*

To determine whether claims are asserted against an ERISA fiduciary, the Court must thus ask "not whether the actions of some person employed to provide services under a plan adversely affected a plan beneficiary's interest, but whether that person was acting as a fiduciary (that is, was performing a fiduciary function) when taking the action subject to complaint." *Mulder,* 216 F.R.D. at 313 (quoting *Pegram v. Herdrich,* 530 U.S. 211, 222, 226, 120 S.Ct. 2143, 147 L.Ed.2d 164 (2000)). "Even if an entity is an ERISA fiduciary for some purposes ... not every action the entity takes must benefit plan beneficiaries" and thus, not every action will subject it to fiduciary liability under section 502(a)(2). *Id.* ERISA fiduciary status "is not an all or nothing concept. A court must ask whether a person is a fiduciary with respect to the particular activity in question." *Moench v. Robertson,* 62 F.3d 553, 561 (3d Cir.1995) (internal quotations omitted).

Thus, while defendants are correct that the authority to exercise discretion regard-

ing an employee benefit plan is key to achieving fiduciary status, and while plaintiff has included some "discretionary" language in its Complaint, the Complaint shows that plaintiff is, in essence, seeking relief for actions that defendants took in their ministerial capacity while they managed plaintiff's plans according to plaintiff's specifications. Plaintiff alleges that defendants breached responsibilities regarding the provision of plan identification cards, (id. ¶ 18), claim processing, (id. ¶ 19), reimbursement according to certain established reimbursement formulae, (id. ¶¶ 22, 27), and completion of management reports, and timely customer service, (id. ¶ 27). Plaintiff further asserts that defendants failed to accurately determine the pricing of drugs, (id. ¶ 104), "incorrectly paid numerous CareFirst claims," (id. ¶ 107), "decreas[ed] the amount of rebates passed through to CareFirst," (id.), "performed unauthorized [drug] switches," (id.), "fail[ed] to dispense cost-effective, equivalent generic drugs where such drugs were available," (id. ¶ 111), and "fail[ed] to meet Performance Standards as mandated by the Agreement," (id. ¶ 112). These allegations focus on, and depend on, the terms of the parties' contracts, not the terms of ERISA. The issue is whether defendants provided service to plaintiff in accordance with the terms of the agreements, not whether defendants' complied with ERISA. Therefore, while plaintiff alleged that defendants had "discretion," it is not clear that plaintiff has, in fact, asserted claims against defendants based on actions they took which would qualify them as ERISA fiduciaries.

This Court does not infer that parties must admit to ERISA fiduciary status in order to establish federal jurisdiction, and does not find that these particular defendants are, or are not, ERISA fiduciaries. Instead, this Court finds that jurisdiction is questionable here because both parties insist that defendants are not ERISA fiduciaries and because plaintiff has alleged that defendants' breached ministerial duties imposed by their contract, and that these doubts must be resolved in favor of remand. It may prove true that the record in state court eventually establishes that defendants are, in fact, ERISA fiduciaries and that plaintiff's claims relate to their actions as such; if so, the case can be removed to this Court at that time.[6] At

---

6. Other courts have recognized that a finding of preemption based on fiduciary status should be postponed when doubts remain about the defendants' status as an ERISA fiduciary. In *Schiffli Embroidery Workers Pension Fund v. Ryan, Beck & Co.*, Judge Wolin explained:

> [h]aving conceded for the purposes of this motion only that they are ERISA fiduciaries, they seek summary judgment on the state claims. If they were to prevail on this motion, they would resume litigating their status as ERISA fiduciaries. If successful on this point, the state law claims having already been struck, these defendants could walk away from the case without ever having addressed the substance of the allegations against them. It would not be reasonable or fair to allow the case to proceed in this posture.

869 F.Supp. 278, 288 (D.N.J.1994). The court, as a result, denied the defendant's motion to dismiss the state law claims as ERISA preempted without prejudice to their reassertion "[i]f, as the case progresses, the factual record makes it appear that the state law claims are pre-empted" because the defendant is, in fact, a fiduciary. *Id.* at 288–89. Similarly, in *Greenes v. Empire Blue Cross and Blue Shield*, the court denied a motion to dismiss state law claims as ERISA preempted because:

> [i]f I were to dismiss the state law claims now on the basis of preemption, defendants might later bring a motion to dismiss the ERISA counts based on [defendant's] alleged lack of fiduciary status. If I then granted that later motion, plaintiffs would probably be barred from repleading their state law claims.

this stage, though, defendants have not sustained their burden of establishing that this Court has jurisdiction pursuant to ERISA section 502(a)(2) because it is far from clear that this is a case which involves "claims by an ERISA fiduciary against an ERISA fiduciary for breach of fiduciary duties." (*See* Def. Br. at 3.) These substantial "doubts" will be resolved in favor of remand.

Therefore, this Court will grant plaintiff's motion to remand this case to New Jersey Superior Court, because it lacks subject matter jurisdiction over the claims alleged.

## III. CONCLUSION

For the foregoing reasons, this Court finds that defendants have not established that this Court has federal jurisdiction over plaintiff's state law fiduciary duty claims and will therefore grant plaintiff's motion to remand this case to state court. The accompanying Order is entered.

### ORDER FOR REMAND

THIS MATTER having come before the Court upon the motion of plaintiff Group Hospitalization and Medical Services, d/b/a CareFirst Blue Cross Blue Shield to remand the case to New Jersey Superior Court, Camden County, [Docket Item 8–1]; the Court having considered the parties' written submissions and their oral arguments of November 13, 2003; for the reasons stated in the Opinion of today's date; and for good cause shown;

IT IS on this 15th day of December, 2003, hereby

**ORDERED** that plaintiff's motion to remand this action to the Superior Court of New Jersey, [Docket Item 8–1], be, and hereby is, **GRANTED;** and plaintiff's

Complaint will be **REMANDED** to the New Jersey Superior Court, Camden County, Law Division, Docket No. CAM–L–4144–03.

---

Civ. No. 92–8599, 1996 WL 640873 at *2–3 (S.D.N.Y. Nov.4, 1996). The court provided defendants leave to "refile this motion to dismiss on the ground of ERISA preemption when and if they decide to move to dismiss the ERISA counts on the basis of lack of fiduciary status." *Id.*